**FALCON RAPPAPORT & BERKMAN**LLP

April 9, 2024

**VIA PACER**
Hon. Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Go Global v. Dream On Me Industries, Inc, et al.*, **Index No. 1:23-cv-07987**

Dear Judge Subramanian:

This firm represents Plaintiff Go Global Retail LLC ("Go Global" or "Plaintiff") in the above referenced action. We write pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 37.2, as modified by Section 5 of Your Honor's Individual Practices in Civil Cases, after unsuccessfully pursuing good faith efforts to resolve discovery disputes with Defendants Dream on Me Industries, Inc., and Dream on Me, Inc. (collectively "DOM" or "Defendants"). Plaintiff respectfully requests that the Court grant an order to compel Defendants to serve written discovery responses and document discovery.

    **I.**    **Factual Background.**

On September 14, 2023, Plaintiff filed its Complaint. ECF No. 5. On November 21, 2023, Defendants moved to Dismiss Plaintiff's Complaint. ECF No. 16. On November 29, 2023, the Court entered the Civil Case Management Plan and Scheduling Order ("Scheduling Order"), which directed the parties to serve their first requests for document production and first requests for interrogatory responses by February 15, 2024. ECF No. 20. On December 22, 2023, Plaintiff responded to the Motion to Dismiss by filing an Amended Complaint. ECF No. 29. On January 31, 2024, Defendants filed a motion to dismiss Plaintiff's Amended Complaint. ECF No. 30. That motion has been fully briefed.

On February 15, 2024, Plaintiff served its First Request for Production of Documents and First Set of Interrogatory Requests. On February 29, 2024, Defendants served its First Request for Production of Documents and First Set of Interrogatory Requests. By agreement of the Parties, the deadline to exchange written responses to these discovery requests was set for April 1, 2024. At the time, DOM made no indication that they intended to withhold their written responses or document production until after a decision on the Motion to Dismiss. *See* Exhibit A.

On March 11, 2024, Plaintiff served Defendants with correspondence that, in part, sought reassurances that Defendants were not using or disclosing Plaintiff's trade secret information during the pendency of the action. Defendants responded in a letter, dated March 19, 2024, that it did not have information sufficient to provide a response to Plaintiff's requests. Defendants' letter furthermore requested a stay of discovery pending the resolution of the Motion to Dismiss the Amended Complaint.

April 9, 2024
Page 2

The Parties scheduled a meet-and-confer to discuss their respective requests, which was held on April 1, 2024 at 12:00 p.m., and lasted approximately 30 minutes. Moish E. Peltz (lead counsel) and Steven C. Berlowitz attended on behalf of Go Global, and Jessica M. Carroll (lead counsel) and Judah Skoff attended on behalf of DOM. During that call, counsel for Go Global inquired as to whether DOM was prepared to serve written discovery responses in light of their previous request for an agreement to stay discovery. Go Global's counsel stated that they were prepared to immediately serve their written discovery responses and provide a rolling production of documents within thirty days thereafter, pursuant to Fed. R. Civ. P. 34(b)(2)(B). Counsel for DOM responded that they would not serve written discovery responses on the previously agreed upon deadline, and suggested that the parties reconvene the meet-and-confer following a discussion with their respective clients. Counsel for Go Global agreed to DOM's request to hold a second meet-and-confer.

The Parties held a second meet-and-confer on April 4, 2024 at 11:30 a.m. Moish E. Peltz (lead counsel) and Steven C. Berlowitz attended on behalf of Go Global, and Jessica M. Carroll (lead counsel) attended on behalf of DOM.  During the April 4 meet-and-confer, counsel for DOM confirmed that it would not serve Go Global with written discovery responses, nor document discovery, until 30 days after the Court issues an order concerning the motion to dismiss.

In an email, dated April 5, 2024, Counsel for Go Global informed DOM that they had reached an impasse concerning the exchange of written responses and document discovery, and informed DOM that it would seek relief from the Court, pursuant to Your Honor's Individual Practices, Rule 5.D.

No request to stay or extend discovery has been presented to Your Honor, nor has Your Honor ordered a stay or extension of the discovery deadlines set in the Scheduling Order.  Pursuant to Your Honor's Individual Practices, Rule 5.D, the required Lead Trial Counsel conference occurred on April 1 and 4.

## II. **Outstanding Discovery Dispute.**

Pursuant to Fed. R. Civ. P. 34(b)(2) "[t]he party to whom the request is directed must respond in writing within 30 days after being served" and "[t]he production [of documents] must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

As detailed above, the deadline for DOM to provide written responses to Go Global's document demands and interrogatory requests has passed without DOM's compliance with its discovery obligations.  Go Global has conducted two Lead Counsel Meet-and-Confers to resolve the instant discovery dispute, to no avail. Despite Go Global's express requests, DOM has repeatedly refused to provide written responses to Go Global's demands for production.  Indeed, counsel for DOM was clear that it would not serve written responses, nor produce documents, until 30 days after the Court issues an order on the pending Motion to Dismiss the Amended Complaint.

**FALCON RAPPAPORT & BERKMAN**LLP

April 9, 2024
Page 3

DOM has argued that it need not, and will not, produce written responses or documents because it has filed a Motion to Dismiss the Amended Complaint. DOM has made multiple requests to Go Global for its consent to stay discovery, which Go Global has rejected. As a result, DOM has unilaterally altered Your Honor's Scheduling Order without Go Global's consent, and without an order from the Court. Moreover, it is clear that the "imposition of a stay [of discovery] is not appropriate simply on the basis that a motion to dismiss has been filed." *See In re Currency Conversion Free Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *see also In re Platinum and Palladium Commodities Litig.*, 2010 WL 11578945, at * 1 (S.D.N.Y. Nov. 30, 2010) (same).

Further, Go Global may be harmed by DOM's intentional delay and subversion of the discovery process. As alleged in the Amended Complaint, DOM has downloaded and presently retains copies of Go Global's trade secret information. *See* ECF No. 29 at ¶¶ 49-50. Go Global has alleged that DOM has utilized this information outside the scope defined by the Non-Disclosure Agreement ("NDA") that governed the exchange of information in the first instance, including by using Go Global's information in its business strategy to successfully purchase leases for the same buybuy BABY ("BBBY") retail stores that Go Global recommended remain operational. *See id.* at ¶ 111; *see also* Gabrielle Fonrouge, *Dream on Me, which bought Buy Buy Baby's intellectual property, snagged 11 of its store leases at auction, could reopen stores*, CNBC, July 21, 2023, https://www.cnbc.com/2023/07/21/dream-on-me-buys-11-buy-buy-baby-leases.html (last accessed April 9, 2024). Thus, DOM's download and retention of Go Global's information and analysis regarding the treatment and operation of certain BBBY retail stores, followed by DOM's purchase of BBBY leases for those same stores, demonstrates that DOM continues to rely upon and use Go Global's trade secret information in violation of the NDA and Go Global's rights. Go Global is entitled to timely discovery responses on DOM's use of its trade secret information.

DOM's refusal to comply with its discovery obligations, pursuant to the Federal Rules of Civil Procedure, and Your Honor's Scheduling Order, prejudices Plaintiff by precluding Plaintiff the ability to ascertain DOM's use, disclosure, storage, and security for Go Global's trade secret information. DOM's conduct in this action to date is reflective of classic delay tactics that this Court should not entertain.

### III. Conclusion.

Accordingly, for the reasons discussed above, Go Global respectfully requests that Your Honor issue an Order compelling DOM to produce written responses to Go Global's discovery demands and interrogatory requests, and further compel DOM to begin the production of documents.

Respectfully submitted,

**Falcon Rappaport & Berkman LLP**

*/s/ Moish E. Peltz*
By: Moish E. Peltz, Esq.
    Steven C. Berlowitz, Esq.

**FALCON RAPPAPORT & BERKMAN**LLP

This case is **not** stayed pending the decision on the motion to dismiss. Defendants must proceed with discovery accordingly and are not entitled to self-help. If further disputes persist over specific deadlines or discovery's scope, the parties may submit further letters.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: April 10, 2024