# FALCON RAPPAPORT & BERKMAN LLP

April 17, 2024

**VIA PACER**
Hon. Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Go Global v. Dream On Me Industries, Inc, et al.*, **Index No. 1:23-cv-07987**

Dear Judge Subramanian:

This firm represents Plaintiff Go Global Retail LLC ("Go Global" or "Plaintiff") in the above referenced action. We write as a follow-up to our Letter-Motion to Compel Discovery, ECF No. 35, and Your Honor's corresponding Order, ECF No. 36. Your Honor denied the motion to compel, but ordered that

> This case is **not** stayed pending the decision on the motion to dismiss. Defendants must proceed with discovery and are not entitled to self-help. If further disputes persist over specific deadlines or discovery's scope, the parties may submit further letters.

ECF No. 36 (emphasis in original). Nonetheless, despite Plaintiff's repeated attempts to work with Defendants in a good-faith effort to obtain the requested relief without further Court intervention, Defendants still refuse to meaningfully cooperate with Plaintiff's counsel, much less agree to deadlines for the exchange of discovery. Pursuant to Fed. R. Civ. P. 37(a)(1) and Local Rule 26.4, Plaintiff respectfully requests the Court issue an order compelling defendants to provide written responses and document discovery on or before April 22, 2024, and to otherwise cooperate in discovery in this proceeding.

  **I.**  **Factual Background.**

On April 10, 2024, following the issuance of Your Honor's Order, ECF No. 36, Plaintiff emailed Defendants ("April 10 Email") to discuss Plaintiff's proposed April 15, 2024, deadline to exchange discovery, ESI protocols, and the execution of a protective order. *See* **Exhibit A**. Plaintiff received no response to that email, and so sent a second email to Defendants on April 12, 2024 ("April 12 Email"). *See* **Exhibit B**. In light of the continuing dispute concerning the exchange of discovery, and because of Defendants' failure or refusal to respond to Plaintiff's April 10 Email, Plaintiff requested to meet-and-confer within two business days, pursuant to Your Honors Individual Practices, Rule 5.C. *See id.*

Defendants responded via letter, dated April 15, 2024, in which they stated that they would not produce discovery on April 15, and further stated that they "will serve [discovery] in due course after [DOM] has been afforded a reasonable amount of time to review the responses before

April 17, 2024
Page 2

certifying to their accuracy without being under undue pressure of a date [Go Global] unilaterally and arbitrarily selected." **Exhibit C**. Defendants also raised for the first time, that they "reserve[] the right to seek a stay of discovery." *Id.* Even though Plaintiff had just raised the exchange of discovery with this Court, and despite Your Honor's Order in response to Plaintiff's application for relief, Defendants refused to agree to a date to meet-and-confer to discuss outstanding discovery, stating that "DOM is unaware of any actual disputes that requires us to meet within two business days." *Id.*

Plaintiff responded, that same day via letter, dated April 15, 2024 ("April 15 Letter"), to further clarify, among other things, Defendants' availability to meet-and-confer pursuant to Rule 5.C, the dates on which the parties will exchange written discovery responses and documents, whether or not Defendants would be moving for a discovery stay (and if so, by what date), and whether Defendants consented to an extension of time to disclose Expert Witnesses, the deadline for which is April 17, 2024. *See* **Exhibit D**. In furtherance of Plaintiff's previous request to meet-and-confer within two business days, Plaintiff requested that Defendants confirm their availability to meet-and-confer on April 16, 2024.

Defendants responded in an email, dated April 16, 2024, at 5:24pm EDT, stating that they would not substantively engage Plaintiff over email, and proposing a meet-and-confer three business days later, on Friday, April 19, 2024. *See* **Exhibit E**. Defendants declined to respond to any of Plaintiff's information or coordination requests, declined to provide a rationale for refusing Plaintiff's repeated request to meet-and-confer, refused to agree to a deadline to exchange discovery, refused to confirm whether they intend to move for a discovery stay, and further declined to consent or refuse Plaintiff's request for a joint application to extend the deadline for disclosure of Expert Witnesses. *See id.*

## II. Outstanding Discovery Dispute.

Pursuant to Fed. R. Civ. P. 37(a)(3)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

It is now abundantly clear that Defendants cannot or will not agree to abide by their discovery obligations in this proceeding absent a Court Order. Defendants continue to engage in self-help by refusing to cooperate in the discovery process. Indeed, Plaintiff served Defendants with Plaintiff's discovery demands on February 15, 2024, and thus Defendants have had over eight weeks to review and prepare discovery responses. Nonetheless, Defendants initially refused to provide discovery to Plaintiff on the grounds that they had filed a motion to dismiss, despite never having sought a stay of discovery, and in the absence of any such order from Your Honor. *See* ECF No. 35. Now, after this Court denied the previous motion, while providing guidance that the parties should proceed with discovery, ECF No. 36, Defendants failed or refused to respond to Plaintiff's reasonable request to coordinate discovery on April 10, and then, when they finally did respond, expressly declined to agree to a date by which they would serve discovery responses, or even indicate whether they will seek a discovery stay. *See* **Exhibit C**.

April 17, 2024
Page 3

Among other things, Defendants have also ignored Plaintiff's request for consent to move this Court for an extension of the deadline to disclose Expert Witnesses, the deadline for which is today.[1] *See* ECF No. 20. Nonetheless, Plaintiff respectfully requests that Your Honor grant an extension of time for the Parties to disclose their Expert Witnesses, until May 31, 2024. This is the first request for an extension of time to disclose Expert Witnesses. Plaintiff requests an extension because discovery in this action has been delayed. There is presently no scheduled appearance before the Court.

Defendants' refusal to comply with its discovery obligations and Your Honor's Orders, ECF Nos. 20 and 36, constitutes purposeful undue delay, and continues to prejudice Plaintiff. In particular, Defendants delay tactics are not for legitimate discovery purposes, but are instead specifically engineered to delay the time by which it must disclose to Plaintiff the nature of its use, disclosure, storage, and security of Plaintiff's trade secret information, which it misappropriated, as further alleged in the Amended Complaint. See ECF No. 29. Defendants continue to employ delay tactics and have repeatedly declined to meaningfully engage Plaintiff in a cooperative or productive manner so that discovery may proceed expeditiously (or at all). Defendants' conduct demonstrates that they will not participate in the discovery process absent an Order from the Court compelling them to do so, and should also provide the Court the reasonable inference that Defendants' non-participation in discovery is for an improper purpose. Your Honor specifically invited the Parties to submit additional letters "[i]f further disputes persist over specific deadlines," and Defendants' committed silence and unjustified delays warrants relief from the Court.

### III.   Conclusion.

Accordingly, for the reasons discussed above, Go Global respectfully requests that Your Honor issue an Order compelling DOM to produce written responses to Go Global's discovery demands and interrogatory requests, and further compel DOM to begin the production of documents on or before April 22, 2024. Go Global additionally respectfully requests that Your Honor extend the deadline for the Parties to disclose Expert Witnesses to May 31, 2024.

The parties shall appear for a remote conference on April 19, 2024, at 2 p.m. They should dial 646-453-4442 and enter conference ID 926 767 782#. SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 17, 2024

Respectfully submitted,

**Falcon Rappaport & Berkman LLP**

 */s/ Moish E. Peltz*
By: Moish E. Peltz, Esq.
    Steven C. Berlowitz, Esq.

---

[1] Plaintiff unilaterally extended their time to meet-and-confer past the two-business day deadline, set in Your Honor's Rules, to April 19, 2024. *See* Exhibit E. Moreover, by setting a meet-and-confer for Friday, April 19, 2024, Defendants ensured that Plaintiff would be unable to request an extension for the disclosure of Experts on consent of the Parties until after the deadline had already passed. Pursuant to Your Honor's Individual Practices, Rule 3.E, the Parties are required to submit any request for extension or adjournment at least two business days prior to the deadline. Plaintiff respectfully apologies for the late request for extension.