

Jessica M. Carroll
Partner
75 Livingston Avenue
Suite 301
Roseland, NJ 07068
P: 973-577-1910
F: 973-577-1911
jcarroll@greenbaumlaw.com

April 18, 2024

**VIA ECF**
The Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    RE: Go Global Retail LLC v. Dream On Me Industries, Inc. et al
       Case No. 1:23-cv-07987-AS
       GRSD File No. 31685-00003

Dear Judge Subramanian:

  This office represents Defendants, Dream On Me Industries, Inc. and Dream On Me, Inc. (collectively "DOM"). There is a telephonic conference scheduled before Your Honor on Friday, April 19, 2024, at 2:00 p.m., to address the pending Motion to Compel that was filed by Plaintiff, Go Global Retail, LLC ("Plaintiff"). In advance of the conference, please accept the following letter in lieu of a more formal submission providing factual background for Your Honor's consideration.

  On January 31, 2024, DOM filed a Motion to Dismiss the Amended Complaint. *See* ECF No. 30. On February 7, 2024, Plaintiff requested consent for an extension of time to respond until February 29 and in turn offered to extend DOM's time to file its reply to March 15. DOM agreed to consent provided the date to serve discovery requests was extended until after the Motion was briefed. When Plaintiff suggested a deadline of February 29 instead, DOM reiterated that its consent to an extension for Plaintiff to file its opposition was contingent on the party's exchanging discovery after the deadline to reply. DOM requested that Plaintiff circulate a letter if it agreed. The following day, Plaintiff circulated a letter requesting an extension of time to respond to the Motion to Dismiss indicating that it had implicitly agreed to jointly serve discovery after March 15. Plaintiff filed the letter on February 9. *See* ECF No. 31.

  On February 15, when Plaintiff served its discovery demands prior to March 15, DOM expressed its confusion because it was a breach of the agreement under which DOM consented to Plaintiff's request for additional time. Plaintiff denied that the parties reached an agreement despite DOM's clear instructions that Plaintiff did not have DOM's consent unless it agreed to extend the time to serve discovery demands. As a compromise, and in the spirit of working cooperatively, DOM agreed to serve its discovery requests by February 29, 2024. Additionally, DOM expressed its concern regarding Plaintiff's misrepresentation to the Court of having DOM's consent and then reneging on the conditional agreement.



On March 11, Plaintiff preemptively requested that the parties negotiate a protective order and also sought DOM's consent to a preliminary injunction. *See* ECF No. 35-1. On March 19, DOM suggested scheduling a meet and confer to discuss the basis for a proposed protective order and the basis for the preliminary injunction. While DOM objected to the entry of a preliminary injunction as premature given the posture of the case, in the spirit of working together, DOM suggested that Plaintiff prepare a proposed protective order consistent with this Court's Model Protective Order for DOM to take under advisement. *See* ECF No. 35-1. DOM also requested consent to stay discovery while the Motion to Dismiss was pending to avoid needless litigation costs in the event the Court granted DOM's Motion. Plaintiff did not agree.

The parties were unsuccessful in resolving the discovery dispute during two in person videoconferences on April 1 and April 3. Each conference lasted thirty minutes, for a combined total of one hour. Myself, as Lead Counsel, and Judah Skoff both participated on behalf of DOM in the April 1 meeting and I participated in the April 3 meeting alone. Moish Peltz and Steven Berlowitz participated on behalf of Plaintiff. The parties continued negotiations regarding the discovery dispute through April 9 before reaching an impasse. Neither party served discovery responses by the April 1 deadline.

On April 9, Plaintiff moved to compel discovery. *See* ECF No. 35. The Court denied Plaintiff's Motion to Compel. *See* ECF No. 36. The Court noted that discovery was not stayed and directed DOM to proceed with discovery. *Id.* The Court, however, did not order DOM to serve discovery responses on a date certain.

On April 10, Plaintiff unilaterally demanded DOM serve discovery responses no later than April 15. *See* ECF No. 37-1. However, Plaintiff did not indicate when it would serve its discovery responses. Additionally, Plaintiff proposed a meet and confer to discuss ESI protocols and search terms. Having raised this for the first time, DOM did not identify this request as a discovery dispute necessitating a meet and confer under Rule 5.C of Your Honor's Individual Practices.

On April 15, DOM sent correspondence reminding Plaintiff that discovery is a mutual obligation and that it had not yet received any discovery from Plaintiff. DOM requested a date certain for which it could expect Plaintiff's discovery responses. DOM also advised Plaintiff that it was working on the discovery responses, and expressed concern related to the undue pressure Plaintiff was asserting without any authoritative power to arbitrarily demand responses by a unilaterally selected date. In addition, DOM asked Plaintiff to provide additional information for why an ESI protocol was necessary given the current stage of the litigation, the limited parties involved, and the relatively short period of time in which the facts related to Plaintiff's claims arose. *See* ECF No. 37-3.

That same day, Plaintiff responded without addressing DOM's questions. *See* ECF No. 37-4. Specifically, Plaintiff did not provide the basis for an ESI protocol, nor did it confirm when it would serve its own discovery. Instead, Plaintiff suggested that its request to meet and confer was made in part to coordinate deadlines for the exchange of discovery and in anticipation that DOM might request an extension—a characterization that belies logic since written discovery deadlines


were the ones needing to be set before expert discovery deadlines could be extended. As a result, DOM sent follow up correspondence indicating that Plaintiff did not respond to any of its inquiries. *See* ECF No. 37-5. Now frustrated by the needless correspondence that continues to raise new issues rather than address and respond to the current issues, DOM stated it would not engage in a battle over responsiveness nor would it meet and confer over emails. Thus, it suggested coordinating a meet and confer to discuss the issues in person.

Two days later, on April 17, Plaintiff responded: "Please note that we view your email as non-responsive to our requests, and we will seek court intervention." Nothing about the correspondence was nonresponsive given that DOM asked for more information from Plaintiff regarding the inquiries in its April 15 correspondence and asked a question for Plaintiff's availability to work out what now appeared to be becoming a discovery dispute. Less than half an hour later, Plaintiff filed a second Motion to Compel evidencing that it never intended to participate in good faith in a meet and confer. The Motion was clearly already prepared for filing and Plaintiff strategically waited until the close of business.

The rules of discovery do not condone Plaintiff's gamesmanship and postering. DOM maintains that discovery is a mutual obligation. It is axiomatic to the rules of discovery that a party should not move to compel discovery from an adversary when the party itself is in default. Notably, Plaintiff moves to compel DOM's discovery without having produced any discovery of its own and without having provided a date certain for when DOM can expect Plaintiff's discovery to be served. Significantly, Plaintiff has omitted this information for the Court's consideration. This omission is part of the broader mischaracterizations of the substance of our communications that has culminated in misrepresentations to the Court and an abuse of the discovery process outlined in Rule 5(A)-(D) of Your Honor's Individual Rules. Plaintiff's unreasonable demands for responses within arbitrary time periods and unilateral deadlines without any authority to do is inherent in the facts provided above. Its countless and circular correspondence is impossible to reconcile when each correspondence raises a new issue without addressing or responding to those previously raised. As such, DOM has grown frustrated by its failed attempts to engage with Plaintiff in good faith to resolve Plaintiff's unilaterally created discovery disputes and feels that it has been victimized by Plaintiff who has abused the process.

We thank Your Honor for Your attention to this matter. We are hopeful that Your Honor can assist the parties in creating a reasonable discovery schedule that accounts for the pending Motion to Dismiss and avoids needless litigation costs with as little inconvenience as possible.

Respectfully submitted,

GREENBAUM, ROWE, SMITH & DAVIS, LLP

Jessica M. Carroll