FALCON
RAPPAPORT &
BERKMAN LLP

December 20, 2024

**VIA ECF**
Hon. Arun Subramanian, U.S.D.J.
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York 10007

Re :   Go Global Retail, LLC v. Dream on Me Industries, Inc., et al.
       23-CV-07987

Your Honor:

This firm represents Plaintiff Go Global Retail, LLC ("Plaintiff") in the above-referenced matter. I submit this letter with consent from counsel for Defendants pursuant to Section 11 of your Individual Practices in Civil Cases and Rule 5.2 of the Federal Rules of Civil Procedure to respectfully request an order permitting Plaintiff to file its Motion for Summary Judgment for, among other things, misappropriation of trade secrets, under seal.

Trade secrets, by their very nature, establish value through their confidentiality. 18 U.S.C. § 1839(3)(b) ("the information derives independent economic value, actual or potential, from not being generally known"). "The court may not authorize or direct the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential." 18 U.S.C. § 1835(b).

"A three-step analysis governs whether a filing may be submitted under seal or with redactions. First, a court determines whether the filing is a 'judicial document;' second, it determines the weight of the presumption of access afforded to the document; and third, it identifies and weighs factors 'that legitimately counsel' against public access." *Faistein v. Netflix*, 2023 WL 6164293 at *1 (S.D.N.Y. 2023) (internal citations omitted) (Court grants request to seal proprietary and confidential materials about business operations). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial document." *Id.* "Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial." *Encyclopedia Brown Productions Ltd. v. Home Box Office, Inc.,* 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).

Here, the Amended Complaint alleges, *inter alia*, Defendants misappropriated Plaintiff's trade secrets and breached its non-disclosure agreement by disclosing and improperly using Plaintiff's trade secrets. Plaintiff will file its Motion for Summary Judgment by December 20, 2024, per the Court's Scheduling Order dated November 26, 2024 (ECF 59). In anticipation

thereof, Plaintiff submits this narrowly tailored letter motion to file its Financial Model (and other related documents referencing or duplicating the information), an exhibit to the Motion for Summary Judgment, under seal. Plaintiff's Financial Model includes financial data, proprietary forecasts, capital structures, and strategic operating plans developed through thousands of hours of work and analysis. Additionally, Plaintiff's Financial Model was stored in a password protected data room and was only shared under the protection of a non-disclosure agreement when shared on a need-to-know basis outside of Go Global.

The very essence of Plaintiff's Motion for Summary Judgement seeks to establish that Plaintiff's Financial Model is a trade secret. As further established in the forthcoming motion, Plaintiff's trade secrets are "confidential" and "commercially valuable to the holder," and thus support granting the instant request to file under seal. *Encyclopedia Brown Productions, Ltd.*, 26 F. Supp. 2d. at 613. Failure to protect Plaintiff's trade secrets under seal prior to this Court's determination on Plaintiff's Motion for Summary Judgment would result in irreparable harm to Plaintiff because it would publicly and permanently disclose Plaintiff's trade secrets. Accordingly, Plaintiff respectfully requests that this Court execute a Sealing Order authorizing (1) Plaintiff's Financial Model to be filed under seal by the Clerk of Court, and (2) redactions of documents duplicating and/or referencing Plaintiff's Financial Model.

Thank you for your time and consideration.


Respectfully Submitted,


**Falcon Rappaport & Berkman LLP**


 */s/ Moish E. Peltz*
By: Moish E. Peltz, Esq.
     Steven C. Berlowitz, Esq.


FALCON RAPPAPORT & BERKMAN LLP