**FALCON RAPPAPORT & BERKMAN**LLP

July 18, 2023

**BY OVERNIGHT COURIER**
Dream on Me, Inc.
Attn: Avish Dahiya, CMO/CTO
1532 S Washington Ave
Piscataway Township, NJ 08854

Re:     Dream on Me, Inc. breach of Go Global Retail, LLC's Non-Disclosure Agreement

**DEMAND LETTER, TIME SENSITIVE
FORWARD TO THE IMMEDIATE ATTENTION OF COUNSEL**

Dear Mr. Dahiya:

This firm represents Go Global Retail, LLC ("GGR"). I write with reference to the Non-Disclosure Agreement entered on June 10, 2023 (the "Agreement") by and between GGR and Dream on Me, Inc. ("DOM").

As you know, GGR and DOM engaged in substantive discussions concerning a potential joint bid to acquire Buy Buy Baby in connection with a proceeding in federal bankruptcy court in Newark, New Jersey. To that end, GGR and DOM entered into the Agreement for the purpose of granting DOM access to GGR's confidential information related to the proposed purchase. The Agreement unequivocally prohibits use by DOM of the GGR confidential information. Equally important, the Agreement included an express non-circumvention provision precluding DOM from bidding on the assets, including the intellectual property of Buy Buy Baby, or otherwise acquiring Buy Buy Baby without GGR's participation or consent.

Paragraph 12 of the Agreement states, in relevant part, that DOM shall not "solicit, encourage, negotiate, or discuss," or enter into any "agreement, understanding or commitment regarding a possible transaction, sale, merger, combination, consolidation, joint venture, partnership, recapitalization, restructuring, refinancing or other disposition" of any of Buy Buy Baby's assets (or equity). The Agreement further states that the non-circumvention obligation would terminate "only upon written notice by [GGR] of termination of discussions with [Buy Buy Baby] regarding the Transaction or [DOM] believes in good faith that such potential Transaction has terminated." At the time DOM made its bid for the Buy Buy Baby intellectual property, DOM's obligation not to use the confidential information or participate in any acquisition of Buy Buy Baby continued to exist and had not been terminated by notice or any other action by GGR.

Non-circumvention agreements are enforceable, and courts have found breaching parties liable for damages. *See Retrofit Partners I, L.P. v. Lucas Industries, Inc.*, 201 F.3d 155 (2d Cir.2000); *BNY Capital Markets, Inc. v. Moltech Corp.*, 2001 WL 262675 (S.D.N.Y.2001). Courts will award damages for the resulting lost profits. In *Eden Hannon & Co. v. Sumitomo Tr. & Banking Co.*, the Defendant breached a non-circumvention agreement and misappropriated the Plaintiff's

---

1185 AVENUE OF THE AMERICAS | FLOOR 3
NEW YORK, NEW YORK 10036
P: (212) 203-3255 F: (212) 203-3215

CONFIDENTIAL                                                                GG-0012966

trade secrets to outbid the Plaintiff in the sale of a company. The Court awarded the Plaintiff a constructive trust over the Defendant's profits resulting from the sale. *Eden Hannon & Co. v. Sumitomo Tr. & Banking Co.*, 914 F.2d 556, 564 (4th Cir. 1990).

However, on June 28, 2023, after gaining access to GGR's proprietary, confidential information, including GGR's acquisition financial model, access to the data room established by GGR's investment banker, GGR's technology and intellectual property assessments, and multiple meetings with GGR deal team personnel, DOM successfully bid on Buy Buy Baby's intellectual property. During a July 11, 2023 hearing, the Bankruptcy Court approved the sale of Buy Buy Baby's intellectual property to DOM. In so doing, DOM violated the Agreement through its misappropriation of GGR's proprietary, confidential information and use of the information to make the bid for Buy Buy Baby's intellectual property. In addition, the very act of bidding on Buy Buy Baby's intellectual property clearly breached DOM's non-circumvention obligation under the Agreement, resulting in substantial damages to GGR.

Based on the foregoing, GGR has suffered (and continues to accrue) damages as a result of DOM's breach of the Agreement, together with a continuing obligation on the part of DOM to compensate GGR for profits lost in connection with DOM's bid on the Buy Buy Baby intellectual property. However, in an effort to resolve this dispute amicably and without a very public lawsuit – which would recite the details of DOM's breaches of the parties' Agreement – GGR hereby demands that DOM compensate GGR for its out of pocket expenses and unlawful use of GGR's valuable proprietary information in the amount of $834,250.00.

We look forward to your written assurances that you will comply with this demand on or before 5:00pm EDT on **July 21, 2023**. Absent receipt of same and a satisfactory resolution of this matter, our client reserves the right to take all appropriate action to protect their legal rights, including, but not limited to, filing suit in the United States District Court for the Southern District of New York to enforce the terms of the parties' Agreement.

This letter is not, and is not intended to be, a complete statement of law or facts and is without prejudice to GGR's legal and equitable rights, which are expressly reserved. In addition, this letter constitutes notice under the Federal Rule of Civil Procedure 26(f) and 34 to preserve and maintain all records (electronic or otherwise) concerning the subject matter of this communication. This will include, without limitation, disabling any computer systems designed to automatically delete and/or overwrite dated or archived files.

We anticipate your prompt response.

            Sincerely,

            **FALCON RAPPAPORT & BERKMAN LLP**

            By: Paul M. O'Brien

PMO/jed

---

**FALCON RAPPAPORT & BERKMAN**LLP

CONFIDENTIAL                                                                                                    GG-0012967