# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GO GLOBAL RETAIL LLC | Case No. 1:23-cv-07987-AS |
| Plaintiff, | **CIVIL ACTION** |
| v. | **ANSWER TO THE AMENDED COMPLAINT** |
| DREAM ON ME INDUSTRIES, INC., and DREAM ON ME, INC. | |
| Defendants. | |

Defendants, Dream on Me Industries, Inc. and Dream On Me, Inc. (hereinafter referred to as "DOM" or "Defendants"), by and through their attorneys, Greenbaum, Rowe, Smith & Davis LLP, hereby submit the following Answer to the Amended Complaint filed by Plaintiff, Go Global Retail LLC (hereinafter referred to as "Plaintiff"), and say:

## NATURE OF THE CASE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.     Defendants admit that it engaged in discussions but deny the remaining allegations contained in Paragraph 7 and therefore, leave Plaintiffs to their proofs regarding the substance of those discussions.

8.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

9.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

10.     Defendants admit that Defendants were provided access to a data room. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

11.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions. Defendants admit the remaining allegations contained in Paragraph 11.

12.     Defendants deny the allegations contained in Paragraph 12.

13.     Defendants admit the allegations contained in Paragraph 13.

14.     Defendants deny the allegations contained in Paragraph 14.

**THE PARTIES**

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendants admit the allegations contained in Paragraph 17.

18. Defendants admit that it is a designer, manufacturer, and supplier of baby products, but deny the remainder of the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

## JURISDICTION AND VENUE

20. Defendants state that Paragraph 20 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Defendants state that Paragraph 21 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendants state that Paragraph 22 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself. Defendants deny any mischaracterization inconsistent with its terms and conditions.

24.     Defendants state that Paragraph 24 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 24.

## THE FACTS

*Background*

25.     Defendants admit the allegations contained in Paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and refer to the filed pleading as a legal

document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and refer to the filed pleading as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and refer to the filed pleading as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

***Go Global Is Introduced to DOM***

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Defendants deny the allegations contained in Paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40.     Defendants admit that it had communications with Milan Gandhi but deny the remaining allegations contained in Paragraph 40 regarding the substance of those communications and therefore, leave Plaintiffs to their proofs.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42.     Defendants admit that Mark Srour is the owner of DOM and that Avish Dahiya is the CMO/CTO but deny the remaining allegations contained in Paragraph 42 regarding the substance of any correspondence and therefore, leave Plaintiffs to their proofs.

43.     Defendants admit that the parties exchanged correspondence but deny the remaining allegations contained in Paragraph 43 regarding the substance of any correspondence and therefore, leave Plaintiffs to their proofs.

44.     Defendants admit that the parties exchanged correspondence but deny the remaining allegations contained in Paragraph 43 regarding the substance of any correspondence and therefore, leave Plaintiffs to their proofs.

45.     Defendants admit that the parties exchanged correspondence but deny the remaining allegations contained in Paragraph 43 regarding the substance of any correspondence and therefore, leave Plaintiffs to their proofs.

46.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.     Defendants deny the allegations contained in Paragraph 50.

*The Non-Disclosure Agreement*

51.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

52.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

53.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

54.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

55.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

56.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

57.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

*The June 10, 2023 Meeting Between Go Global and DOM*

58.     Defendants deny the allegations contained in Paragraph 58.

59.     Defendants deny the allegations contained in Paragraph 59.

60.     Defendants admit that it sells baby products but deny the remaining allegations

contained in Paragraph 60.

61.     Defendants deny the allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62.

63.     Defendants admit that representatives expressed interest in BBBY but deny the

remainder of the allegations contained in Paragraph 63.

64.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65.

66.     Defendants deny the allegations contained in Paragraph 66.

67.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 67 and therefore they are denied.

68.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 68.

69.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 68.

70.     Defendants admit that the parties exchanged correspondence but deny the

remainder of the allegations contained in Paragraph 70 as to substance of the correspondence that

speaks for itself.

71. Defendants admit that there was an in person meeting but deny the remaining allegations contained in Paragraph 71 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

72. Defendants admit the allegations contained in Paragraph 72.

73. Defendants admit that there was an in person meeting but deny the remaining allegations contained in Paragraph 73 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

### *DOM Accesses Go Global's Proprietary Financial Models, Trade Secrets and Other Confidential Information*

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85.     Defendants state that Paragraph 85 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     Defendants state that Paragraph 92 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 92.

93.     Defendants admit that there was an exchange of emails but deny the remaining allegations contained in Paragraph 93 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.     Defendants admit that there was an exchange of emails but deny the remaining allegations contained in Paragraph 99 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

100.     Defendants admit that there was an exchange of correspondence but deny the remaining allegations contained in Paragraph 100 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

101.     Defendants admit that there was an exchange of emails but deny the remaining allegations contained in Paragraph 101 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

102.     Defendants admit that there was a meeting but deny the remaining allegations contained in Paragraph 102 and therefore, leave Plaintiff to its proofs regarding the substance of those communications.

103.     Defendants state that Paragraph 103 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 103.

### DOM Violates the NDA by Submitting a Bid for the Assets of BBBY

104.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 and refer to the filed pleading as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

105.     Defendants admit DOM submitted its independent bid in the BBBY IP auction and that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.  Except as expressly admitted herein, the remainder of the allegation contained in Paragraph 105 are denied.

106.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 and refer to the filed pleading as a legal

document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and refer to the filed pleading as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

108.    Defendants state that Paragraph 108 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 108.

109.    Defendants state that Paragraph 109 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 109.

110.    Defendants deny the allegations contained in Paragraph 110.

111.    Defendants admit DOM purchased eleven leases for BBBY retail locations. Except as expressly admitted herein, the remainder of the allegation contained in Paragraph 111 are denied.

112.    Defendants deny the allegations contained in Paragraph 112.

113.    Defendants state that Paragraph 113 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 113.

114.    Defendants admit it purchased leases for BBBY retail locations.  Except as expressly admitted herein, the remainder of the allegation contained in Paragraph 114 are denied.

115.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.     Defendants deny the allegations contained in Paragraph 117.

118.     Defendants deny the allegations contained in Paragraph 118.

## AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

119.     Defendants repeat and reallege each of the preceding paragraphs as if set forth at length herein.

120.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions. Except as expressly admitted herein, the remainder of the allegations are denied.

121.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions. Except as expressly admitted herein, the remainder of the allegation contained in Paragraph 114 are denied.

122.     Defendants deny the allegations contained in Paragraph 122.

123.     Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself.  Defendants deny any mischaracterization inconsistent with its terms and conditions.

124.     Defendants state that Paragraph 124 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 124.

125. Defendants state that Paragraph 125 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 125.

126. Defendants state that Paragraph 126 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 126.

127. Defendants state that Paragraph 127 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 127.

128. Defendants state that Paragraph 128 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 128.

## AS AND FOR A SECOND CAUSE OF ACTION
### (AWARD OF ATTORNEYS' FEES AND COSTS)

129. Defendants repeat and reallege each of the preceding paragraphs as if set forth at length herein.

130. Defendants admit that a non-disclosure agreement exists, which is a legal document that speaks for itself. Defendants deny any mischaracterization inconsistent with its terms and conditions.

131. Defendants state that Paragraph 131 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 131.

132.     Defendants state that Paragraph 132 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 132.

133.     Defendants state that Paragraph 133 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 133.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(<u>UNJUST ENRICHMENT</u>)**

134.     Defendants repeat and reallege each of the preceding paragraphs as if set forth at length herein.

135.     Defendants state that Paragraph 135 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 135.

136.     Defendants deny the allegations contained in Paragraph 136.

137.     Defendants deny the allegations contained in Paragraph 137.

138.     Defendants state that Paragraph 138 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 138.

139.     Defendants state that Paragraph 139 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 139.

140.     Defendants state that Paragraph 140 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 140.

141.    Defendants state that Paragraph 141 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 141.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (CONSTRUCTIVE TRUST)

142.    Defendants repeat and reallege each of the preceding Paragraphs as if set forth at length herein.

143.    Defendants state that Paragraph 143 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 143.

144.    Defendants deny the allegations contained in Paragraph 144.

145.    Defendants state that Paragraph 145 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 145.

146.    Defendants state that Paragraph 146 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 146.

147.    Defendants state that Paragraph 147 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 147.

148. Defendants state that Paragraph 148 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 148.

149. Defendants state that Paragraph 149 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 149.

150. Defendants state that Paragraph 150 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 150.

151. Defendants state that Paragraph 151 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 151.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (<u>VIOLATION OF THE DEFEND TRADE SECRETES ACT, 18 U.S.C. § 1836 *ET SEQ.*</u>)

152. Defendants repeat and reallege each of the preceding Paragraphs as if set forth at length herein.

153. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154. Defendants state that Paragraph 154 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 154.

155. Defendants state that Paragraph 155 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants are

without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 155.

156.     Defendants state that Paragraph 156 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 156.

157.     Defendants state that Paragraph 157 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 157.

158.     Defendants state that Paragraph 158 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 158.

159.     Defendants state that Paragraph 159 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 159.

160.     Defendants state that Paragraph 160 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 160.

161.     Defendants state that Paragraph 161 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 161.

162.     Defendants state that Paragraph 162 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 162.

163. Defendants deny the allegations contained in Paragraph 163.

164. Defendants state that Paragraph 164 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 164.

165. Defendants state that Paragraph 165 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 165.

166. Defendants state that Paragraph 166 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 166.

167. Defendants state that Paragraph 167 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 167.

168. Defendants state that Paragraph 168 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 168.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (COMMON LAW MISAPPROPRIATION.)

169. Defendants repeat and reallege each of the preceding Paragraphs as if set forth at length herein.

170. Defendants state that Paragraph 170 contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, Defendants are without knowledge or information sufficient to permit them to form a belief as to the truth of the allegations contained in Paragraph 170.

171.    Defendants state that Paragraph 171 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 171.

172.    Defendants state that Paragraph 172 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 172.

173.    Defendants state that Paragraph 173 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 173.

174.    Defendants state that Paragraph 174 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 174.

175.    Defendants state that Paragraph 175 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 175.

176.    Defendants state that Paragraph 176 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 176.

177.    Defendants state that Paragraph 177 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 177.

178.    Defendants state that Paragraph 178 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 178.

179.    Defendants state that Paragraph 179 contains legal conclusions to which no response is required.  To the extent that the Court deems a response to be required, Defendants deny the allegations contained in Paragraph 179.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in full or in part by the doctrines of estoppel, waiver, laches, accord and satisfaction, and/or unclean hands.

### Second Affirmative Defense

Defendants breached no duty owed to the Plaintiff.

### Third Affirmative Defense

Any action or inaction by Defendants was not the proximate cause of any damages alleged or suffered by Plaintiff.

### Fourth Affirmative Defense

Plaintiff suffered no damages.

### Fifth Affirmative Defense

Plaintiff's claims are barred due to a failure to mitigate damage, if any.

### Sixth Affirmative Defense

Plaintiff's Amended Complaint in whole or in part fails to state a claim upon which relief can be granted.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata and/or issue preclusion.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the Court lacks jurisdiction over Defendants or over the subject matter of this action.

### Ninth Affirmative Defense

Defendants acted at all relevant times with good faith and without any fraud or malice.

### Tenth Affirmative Defense

Plaintiff's forecasts, financial models, data, and strategic operating plans do not constitute trade secrets within the meaning of 18 U.S.C. § 1839(3).

### Eleventh Affirmative Defense

Defendants did not acquire, use, disclose, or misappropriate Plaintiff's trade secrets through improper means.

### Twelfth Affirmative Defense

Defendants reserve the right to amend its Answer and to assert additional defenses and/or supplement, alter, or change the Answer upon completion of appropriate investigation and discovery.

### DEMAND FOR TRIAL BY JURY

Demand is made for trial by a jury on all issues.

**WHEREFORE**, Defendants demands judgment dismissing the Amended Complaint and denying the relief sought by Plaintiff, together with attorneys fees and costs of suit, along with any such other relief that the Court deems equitable and just.

Dated: May 10, 2024

                                                **GREENBAUM, ROWE, SMITH &**
                                                **DAVIS LLP**
                                                75 Livingston Avenue
                                                Roseland, New Jersey 07068
                                                (973) 535-1600
                                                Attorneys for Dream On Me Industries, Inc.
                                                and Dream On Me, Inc.

By:                                             
                                             Jessica Carroll, Esq.

## <u>CERTIFICATE OF SERVICE</u>

  I, JESSICA M. CARROLL, hereby certify that on the date indicated below, the foregoing

Answer of defendants, Dream On Me Industries, Inc. and Dream On Me, Inc., was electronically

filed with the Clerk for the United States District Court for the Southern District of New York

and served on all counsel of record via the ECF system.


               */s/ Jessica M. Carroll*
               Jessica M. Carroll, Esq.

DATED: May 10, 2024