# EXHIBIT J

**O | Go Global**
Brand Investment Platform

## NONDISCLOSURE AGREEMENT

This NonDisclosure Agreement ("Agreement") is made and entered into as of 6|10|2023 by and between Go Global Retail, LLC, and its subsidiaries and affiliates ("Global") and DOM (the "Recipient") where Global would provide prospective opportunities to the Recipient for consideration to invest in partnership with Go Global into Project Baby ("Target")

For and in consideration of the disclosures to be made hereunder, and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties agree to the following provisions.

1. In connection with discussions regarding the Purpose (defined below), Global may disclose Proprietary Information (defined below) to Recipient. As a condition to such information being furnished to Recipient, Recipient agrees to treat any information concerning the Target in accordance with the provisions of this Agreement and/or to take or abstain from taking certain actions set forth herein.

2. Recipient, and your affiliated companies, shall use the Proprietary Information solely for the Purpose and for no other purpose whatsoever. As used herein, "Purpose" means the evaluation of the Target, any Transaction, the terms of any Transaction and any investment vehicle or fund established by Global, in connection with a potential investment, or any other business with the Target (a "Transaction"). The disclosure of the Proprietary Information of the Target to Recipient does not confer upon Recipient any license, interest or rights of any kind in or to the Proprietary Information.

3. Recipient shall hold in confidence and not disclose, reproduce, distribute, transmit, reverse engineer, decompile, disassemble, or transfer, directly or indirectly, in any form, by any means, or for any purpose, the Proprietary Information or any portion thereof. Recipient may disclose the Proprietary Information only to its employees, directors, officers, agents or advisors, including without limitation attorneys, accountants, bankers and financial advisors (collectively, "Representatives"), to the extent, and only to the extent, such persons have a need to know such information for the Purpose; provided each such Representative shall be obligated to comply with the terms and conditions of this Agreement. Recipient shall be responsible for any breach of this Agreement by a Representative unless Recipient provides the Target evidence acceptable to Target's counsel that such breaching Representative is bound by the terms and conditions of this Agreement.

4. Recipient acknowledges that its obligations under this Agreement with regards to the Proprietary Information of the Target shall remain in effect for as long as the Proprietary Information remains confidential. The foregoing obligations shall not apply if and to the extent that: (a) Recipient establishes that the information communicated was already known to Recipient, without obligation to keep it confidential, prior to the time of its receipt from the Target or Global; (b) Recipient establishes that the information communicated was received by such party in good faith from a third party lawfully in possession thereof and having no obligation to keep such information confidential; (c) Recipient establishes that the information communicated was publicly known at the time of its receipt by Recipient or has become publicly known other than by a breach of this Agreement or other action by Recipient; or (d) Recipient establishes that Recipient independently developed the information without references to the Proprietary Information and without violating this Agreement.

9. As used herein, "Proprietary Information" means (i) information concerning the Target (whether prepared by the Target, its agents, advisors, or otherwise) that is furnished to Recipient (orally, in writing, by demonstration or electronically) and (ii) information concerning Global (whether prepared by Global, its agents, advisors or otherwise) by or on behalf of the Target or Global (as applicable) and all information derived therefrom, including, without limitation, trade secrets (under state law and the Defend Trade Secrets Act), know-how, summaries, notes, processes, ideas, contracts, other technical, business, financial, customer and product development plans, forecasts, strategies, customer lists and data, financial information, employee information, pricing

Go Global Retail, LLC
http://www.goglobalretail.com

Go Global
Brand Investment Platform

data, sales data, intellectual property of any nature, marketing plans, website designs, internet marketing or sales practices or strategies, and records containing or otherwise reflecting such information.

5. Recipient acknowledges that Global is (or is negotiating to become) an investor in the Target. Recipient agrees that all (a) communications regarding the Purpose, (b) requests for additional information, facility tours or management meetings, and (c) discussions or questions regarding procedures with respect to the Purpose, must only be submitted or directed to Global and not to the Target. Recipient also agrees not to initiate or maintain contact (except for those contacts made in the ordinary course of business and other than in connection with the Purpose) with any officer, director or employee or agent of the Target regarding the Target' business, operations, prospects or finances, except with the express permission of Global, and then only subject to the terms of this Agreement. Recipient understands that Global will, at the appropriate juncture in any discussions regarding the Target, arrange for appropriate contacts for due diligence purposes. Recipient acknowledges and agrees that (a) the Target and its representatives are free to conduct the process leading up to a possible Transaction as the Target and its representatives, in their sole discretion, determine (including, without limitation, by negotiating with any prospective buyer and entering into a preliminary or definitive agreement without prior notice to Recipient or any other person), (b) the Target reserves the right, in its sole discretion, to change the procedures relating to the Purpose at any time without prior notice to the Recipient or any other person, to reject any and all proposals made by Global, the Recipient or any Representatives with regard to the Transaction, and to terminate discussions and negotiations at any time and for any reason, and (c) unless and until a written definitive agreement concerning the Transaction has been executed, neither the Target nor any of its representatives will have any liability to the Recipient with respect to the Purpose, whether by virtue of this agreement, any other written or oral expression with respect to the Purpose or otherwise. Recipient understands and agrees that no contract or agreement providing for any Transaction involving the Target shall be deemed to exist between Recipient and the Target or Global unless and until a final definitive agreement has been executed and delivered.

6. If Recipient decides not wish to proceed in its review of the Target as defined in this Agreement, Recipient will promptly notify Global of that decision. Upon the request of the Target or Global, for any reason, Recipient agrees to destroy, and delete all electronic/digital versions of, the Proprietary Information and all materials relating thereto, disclosed to Recipient (or derived from materials disclosed to Recipient) by the Target and agrees to provide to the Target a written confirmation of such destruction. Notwithstanding anything to the contrary, nothing shall require the erasure, deletion, alteration or destruction of back-up tapes and other back-up media made in accordance with Recipient's document retention policies and procedures.

7. Recipient understands and acknowledges that neither the Target nor any of its representatives make any representation, warranty or condition, express or implied, as to the accuracy or completeness of the Proprietary Information or any other information provided by the Target. Recipient agrees that neither the Target nor any of its representatives shall have any liability to Recipient relating to or resulting from the use of the Proprietary Information or any other information or any errors therein or omissions therefrom.

8. Recipient acknowledges that any breach of the covenants contained in this Agreement will cause the Target and Global immediate and irreparable harm, and remedies at law for any such breach are inadequate. Accordingly, the Target and Global shall each be granted equitable relief, including a restraining order, injunction, or other similar remedy (without any requirement to post bond as a condition of such relief) for any breach or threatened breach of this Agreement by Recipient. Nothing contained herein shall be construed as limiting the Target' or Global's right to any other remedies at law including the recovery of damages for breach of this Agreement.

10. Recipient shall not directly or indirectly solicit to employ, or otherwise engage, persons employed by the Target or Global for two (2) years from the date of this Agreement, without the prior written consent of the Target or Global, as applicable. However, with the exception of any employee with whom Recipient has dealt directly as part of the Purpose, the restrictions set forth in the immediately preceding sentence shall not apply (a) to any general solicitation directed to the general

CONFIDENTIAL



public or (b) to any employee who contacts Recipient on his or her own initiative and without any direct or indirect solicitation by or encouragement from Recipient.

11. Recipient shall not make any disclosure directly or indirectly indicating that it is having or had discussions concerning or is considering anything relating to the Purpose unless Recipient receives a written opinion of its counsel that such disclosure must be made in order to comply with law and prior to such disclosure Recipient promptly notifies and consults with the Target and Global and its legal counsel concerning the information it proposes to disclose. If Recipient is requested or required (by oral questions, interrogatories, requests for information or documents, subpoenas, civil investigative demands or similar processes) to disclose any Proprietary Information, Recipient shall (a) provide the Target and/or Global (as applicable) with prompt written notice of such request(s) and the documents requested so that the Target and/or Global (as applicable) may seek an appropriate protective order and/or waive Recipient's compliance with the provisions of this Agreement, and (b) consult with the Target and/or Global (as applicable) as to the advisability of taking legally available steps to resist or narrow such request. It is further agreed that, if in the absence of a protective order or the receipt of a waiver hereunder Recipient is nonetheless, at the advice of Recipient's legal counsel, compelled to disclose any of Proprietary Information or else stand liable for contempt or suffer other censure or penalty, Recipient agrees to disclose only that portion of such Proprietary Information that Recipient is legally required to disclose; provided, however, that Recipient shall give the Target and/or Global (as applicable) written notice of the Proprietary Information to be so disclosed as far in advance of its disclosure as is practicable and shall use its best efforts to obtain an order or other reliable assurance that confidential treatment will be accorded to such portion of the Proprietary Information required to be disclosed as the Target and/or Global (as applicable) designates.

12. Global contemplates the expenditure of substantial resources, time and money for legal and accounting work to be performed in connection with the proposed Transaction. Accordingly, Recipient covenants and agrees that Recipient and its affiliates, and that Recipient will cause its equity holders, directors, officers, managers, employees, agents, advisors or representatives not to, directly or indirectly, solicit, encourage, negotiate, or discuss with the Target, or enter into any agreement, understanding or commitment regarding, a possible transaction, sale, merger, combination, consolidation, joint venture, partnership, recapitalization, restructuring, refinancing or other disposition of all or any material part of the Target or its subsidiaries or any of the Target' or its subsidiaries' assets or issued or unissued capital stock other than involving the potential Transaction with Global, and only then with knowledge and express consent of Global ("Non-Circumvention Obligation"). The Non-Circumvention Obligation set forth herein shall terminate only upon written notice by Global of termination of discussions with the Target with regarding the Transaction or Recipient believes in good faith that such potential Transaction has terminated.

13. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, heirs, and legal representatives. A waiver by either of the parties hereto of any breach by the other party of any of the terms, provisions or conditions of this Agreement or the acquiescence of either party hereto in any act (whether commission or omission) which but for such acquiescence would be a breach as aforesaid, shall not constitute a general waiver of such term, provision or condition of any subsequent act contrary thereto. This Agreement represents the entire understanding between the parties with respect to the subject matter hereof and supersedes all other written or oral agreements heretofore made by or on behalf of the Target or Recipient with respect to the subject matter hereof and may be changed only by agreements in writing signed by the authorized representatives of the parties. If any provision of this Agreement is declared invalid by a court of competent jurisdiction, such provision shall be ineffective only to the extent of such invalidity, so that the remainder of that provision and all remaining provisions of this Agreement will continue in full force and effect.

14. This Agreement is being entered into by Global on behalf itself and the Target. Recipient hereby acknowledges and agrees that the Target and its affiliates shall be third party beneficiaries of this Agreement.

Go Global Retail, LLC
http://www.goglobalretail.com



1.5 This Agreement shall be governed by and construed and interpreted in accordance with the laws of the State of New York, without giving effect to its conflict of laws. The sole and exclusive jurisdiction and venue for any litigation arising out of this Agreement shall be appropriate federal or state court located in New York County, State of New York and the parties agree not to raise, and waive, any objections or defenses based upon venue or forum non conveniens. If any court of competent jurisdiction holds the non-prevailing party to be in violation, breach, or nonperformance of any of the terms of this letter agreement, then the non-prevailing party will pay all reasonable costs of such action or suit, including reasonable attorneys' fees.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but which together shall constitute the same instrument. Each party agrees to be bound by its own telecopied or facsimiled signature, and agrees that it accepts the telecopied or facsimiled signature of the other party hereto.

17. This Agreement contains the entire agreement between Recipient and Global regarding the subject matter hereof and supersedes all prior agreements or understandings.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives effective as of the date first above written.

Go Global Retail, L.LC
By: ~~Christian Feuer~~ Jeffrey Streader
Title: ~~Managing Director~~ Managing Partner
Signature: *[signed]*

Date: 06/10/2023

Company: Dream On Me, INC. / DOM FAMILY (DOM)
By: Avish Dahiya
Title: CMO/CTO
Signature: *[signed]*

Date: June 10, 2023

Go Global Retail, LLC
http://www.goglobalretail.com