UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

GO GLOBAL RETAIL LLC,

               Plaintiff,

-against-

DREAM ON ME INDUSTRIES, INC.,
and DREAM ON ME, INC.

               Defendants.

1:23-cv-07987 (AS)

*Filed Electronically*

**DECLARATION OF THOMAS K. MURPHY III, ESQ.**

I, **THOMAS K. MURPHY III, ESQ.** being of full age, hereby declare as follows:

1. I am an attorney-at-law of the State of New York and am admitted to practice in this District. I am a Counsel at the law firm of Greenbaum, Rowe, Smith & Davis LLP ("GRSD"), attorneys for Defendants, Dream on Me Industries, Inc. and Dream On Me, Inc. ("DOM"), and as such, I am familiar with the facts set forth herein.

2. I make this Declaration in support of the application for the law firm GRSD to withdraw as counsel for DOM.

3. I have personal knowledge of the facts set forth below.

4. I make this Declaration with the knowledge that the Court may rely upon it in determining whether to permit my law firm's withdrawal as counsel for DOM pursuant to Local Civil Rule 1.4.

5. Pursuant to RPC 1.16(c)(5), grounds exist for GRSD to be relieved as counsel.

6. Greenbaum Rowe Smith & Davis, LLP entered into a written fee agreement with DOM to represent it in this litigation. Mr. Mark Srour, CEO of DOM, executed the agreement on behalf of DOM.

7.      As of this date, DOM has not been able to meet the obligations of the fee agreement and there is currently no reasonable expectation that it will.

8.      Indeed, DOM currently has an outstanding receivable with the firm in the mid six figures,

9.      Similarly, DOM agreed to consent to this withdrawal in the aforesaid retainer agreement when it agreed "You understand and agree that the firm may withdraw as your counsel in this matter if you default in any way on your fee or other obligations owing to the firm…"

10.      In addition to the number of attorney hours that can be expected in the future, representation of DOM has also required and will continue to require counsel to expend the firm's own funds for disbursements and costs related to litigation, discovery, motion practice, and preparation for trial, and trial itself.  Failure to pay those costs will also be a breach of the retainer agreement.  It will be an undue burden that will make it effectively impossible for our firm to carry out our representation effectively.

11.      As a result of these large bills that have been outstanding for months, as well as some other issues including a lack of communication and lack of responsiveness, there are irreconcilable differences between our firm and DOM that warrant withdrawal.

12.      Therefore, I respectfully request that the Court grant GRSD permission to withdraw as counsel to plaintiff.

13.      In the event that the Court requires me to expound upon these facts in greater detail, I respectfully request that the Court permit me to provide such further details *ex parte* and *in camera* so as to not prejudice DOM or the related entities/parties, or violate the ethical constraints on me.

-3-

14. GRSD's withdrawal can be accomplished without material adverse effect on the interests of the parties.

15. Plaintiff and Defendants filed their respective motions for summary judgment on December 20, 2024 (ECF#61 and 65). The motions remain pending.

16. No trial date or dates for any other appearances in this case have been set.

17. Accordingly, in sum, we respectfully request that this Court, in the interest of fairness, allow GRSD to withdraw as counsel.

I declare under penalty of perjury that the foregoing statements by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                **GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendants,
Dream On Me Industries, Inc. and
Dream on Me, Inc.

By: */s/ Thomas K. Murphy III*
      Thomas K. Murphy III, Esq.

Dated: July 11, 2024