## UNITED STATES DISTRICT COURT OF
## THE SOUTHERN DISTRICT OF NEW YORK

GO GLOBAL RETAIL LLC,

        Plaintiff,

    v.

DREAM ON ME INDUSTRIES, INC.,
and DREAM ON ME, INC.,

           Defendants.

Case No. 1:23-cv-07987-AS

**CIVIL ACTION**

---

**MEMORANDUM OF LAW IN SUPPORT OF GREENBAUM, ROWE, SMITH & DAVIS, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

---

GREENBAUM, ROWE, SMITH & DAVIS LLP
260 Madison Avenue
20th Floor
New York, New York 10016
(973) 535-1600
Attorneys for Defendants, Dream On Me Industries, Inc. and Dream On Me, Inc.

Of Counsel and on the Brief:
Thomas K. Murphy III, Esq.
Darren C. Barreiro, Esq. (admitted pro hac vice)
Judah Skoff, Esq. (admitted pro hac vice)

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................1

LEGAL STANDARD............................................................................................................1

LEGAL ARGUMENT...........................................................................................................2

CONCLUSION......................................................................................................................4

## **TABLE OF AUTHORITIES**

### **Cases**

*Ashmore v. CGI Grp., Inc.*,
   No. 11 Civ. 8611WL 5863569 (S.D.N.Y. Oct. 30, 2013) ........................................................ 2

*Blue Angel Films. Ltd. v. First Look Studios. Inc.*,
   No. 08 Civ 6469, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011) ................................................. 2

*Crescit Mortgage Capital, LLC v. Emerald Bay Apartments, LLC, , et al.*,
   No. 22 CIV. 10263 (DEH), 2024 WL 5710647 (S.D.N.Y. Apr. 25, 2024) .............................. 4

*Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*,
   No. 01 Civ. 2950, 2005 WL 1963945 (S.D.N.Y. Aug. 15, 2005) ....................................... 2, 3

*Farmer v. Hyde Your Eyes Optical, Inc.*,
   60 F. Supp. 3d 441 (S.D.N.Y. 2014) ...................................................................................... 2

*Fischer v. Biman Bangladesh Airlines*,
   No. 96 Civ. 3120, 1997 WL 411446 (S.D.N.Y. July 18, 1997) ............................................... 3

*HCC, Inc. v. R H & M Mach. Co.*,
   No. 96 CIV. 4920 (PKL), 1998 WL 411313 (S.D.N.Y. July 20, 1998) .................................... 3

*In re Albert*,
   277 B.R. 38 (Bankr. S.D.N.Y. 2002) ...................................................................................... 4

*Karimian v. Time Equities, Inc.*,
   No. 10 Civ. 3773, 2011 WL 1900092 (S.D.N.Y. May 11, 2011) ............................................. 2

*McGuire v. Wilson*,
   735 F. Supp. 83, 85 (S.D.N.Y. 1990) ..................................................................................... 3

*Munoz v. City of New York*,
   No. 04 Civ. 1105, 2008 WL 2843804 (S.D.N.Y. July 15, 2008) ............................................. 3

*Naguib v. Pub. Health Sols.*,
   No. 12 Civ. 2561, 2014 WL 2002824 (E.D.N.Y. May 15, 2014) ............................................ 2

*Stair v. Calhoun*,
   722 F. Supp. 2d 258 (E.D.N.Y. 2010) ................................................................................ 2, 3

*Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*,
   464 F. Supp. 2d 164 (E.D.N.Y. 2006) ..................................................................................... 3

*Whiting v. Lacara*,
   187 F.3d 317 (2d Cir. 1999) .......................................................................................... 4

**<u>Rules</u>**

Local Civil Rule 1.4 .................................................................................................... 1, 3

## PRELIMINARY STATEMENT

The undersigned counsel, Thomas K. Murphy III, Esq., Darren C. Barreiro, Esq., and Judah Skoff, Esq. of and on behalf of the law firm, Greenbaum, Rowe, Smith & Davis, LLP ("GRSD"), respectfully submit this memorandum of law in support of their motion, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for defendants, Dream On Me Industries, Inc. and Dream On Me, Inc. (collectively "DOM"). Mr. Murphy is the attorney of record for DOM, and Mr. Barreiro and Mr. Skoff were admitted *pro hac vice* for DOM. As set forth in this motion, DOM owes GRSD in the mid six figures in legal fees and expenses. Therefore, satisfactory reasons exist for counsel's withdrawal, and we respectfully request that our motion to withdraw be granted.

## STATEMENT OF FACTS

The facts relevant to this motion are sworn to in the supporting Declaration of Thomas K. Murphy III, Esq. filed contemporaneously with this memorandum. Without waiving attorney-client privilege, the undersigned avers that irreconcilable differences regarding litigation conduct and strategy have arisen between the undersigned and DOM. These include, but are not limited to, DOM's failure to pay legal fees and expenses in the mid six figures with no indication that these fees will be paid, DOM's lack of communication, as well as some other issues regarding strategy and responsiveness.

The undersigned respectfully requests that if the Court deems these explanations insufficient, that the Court permit the undersigned to provide more specific reasons in camera and/or under seal.

## LEGAL STANDARD

Local Civil Rule 1.4 provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In considering a motion for withdrawal of counsel, District Courts analyze two factors: (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *Ashmore v. CGI Grp., Inc.*, No. 11 Civ. 8611, 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013) (citing *Blue Angel Films. Ltd. v. First Look Studios. Inc.*, No. 08 Civ 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)). Nevertheless, "where an attorney desires to withdraw from a case, he will in most cases be allowed to do so; what amounts to specific performance by an attorney has been required, but such cases are extremely rare." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (quotation omitted).

## LEGAL ARGUMENT

"[A] lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014). "Satisfactory reasons" for withdrawal include: "failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" *Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005); *see also Naguib v. Pub. Health Sols.*, No. 12 Civ. 2561, 2014 WL

2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw where plaintiff refused to communicate and cooperate with counsel); *Munoz v. City of New York*, No. 04 Civ. 1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding plaintiff's counsel demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between [counsel] and the plaintiff"); *Fischer v. Biman Bangladesh Airlines*, No. 96 Civ. 3120, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."). Indeed, "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" to grant withdrawal. *Diarama Trading*, 2005 WL 1963945, at *2; *see also McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw where the "relationship between the parties has deteriorated beyond repair," although fault for that deterioration was disputed).

Furthermore, "it is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw." *HCC, Inc. v. R H & M Mach. Co.*, No. 96 CIV. 4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) (collecting cases). "Courts have long recognized that a client's continued refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006). *See also Stair*, 722 F. Supp. 2d at 264. (collecting cases).

"Moreover, the New York Code of Professional Responsibility permits an attorney to withdraw from representation in situations where, *inter alia,* the client '[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees.'" *Team Obsolete Ltd*, 464 F. Supp. 2d at 166 (quoting 22 N.Y.C.R.R. § 1200.1.16(C)(5)) (citation modified). "Although the Model Code 'was drafted solely for its use in disciplinary proceedings and cannot by itself serve

as a basis for granting a motion to withdraw as counsel," the Second Circuit has stated that 'the Model Code provides guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel.'" *In re Albert*, 277 B.R. 38, 46–47 (Bankr. S.D.N.Y. 2002) (quoting *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999)). *See also Crescit Mortgage Capital, LLC v. Emerald Bay Apartments, LLC, , et al.*, No. 22 CIV. 10263 (DEH), 2024 WL 5710647, at *1 (S.D.N.Y. Apr. 25, 2024) ("The Court may look to codes of professional conduct, like the NYRPC, in determining what constitutes "good cause" for granting a motion to withdraw as counsel.").

Here, as set forth above and in the Declaration of Thomas K. Murphy III, the failure of DOM to pay outstanding bills well into the six figures and DOM's lack of communication are clearly satisfactory reasons for GRSD to withdraw from representing DOM in this matter. Further, the case is currently dormant as summary judgment motions are pending, so the case is at a point where it will not be delayed by DOM needing time to retain new counsel in this case.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully requests that the Court grant the relief requested in the motion and enter an order that permits the undersigned counsel, Thomas K. Murphy III, Esq., Darren C. Barreiro, Esq., and Judah Skoff, Esq., of GRSD to withdraw as counsel of record in this case for DOM.

Respectfully submitted,

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
Attorneys for Defendants,
Dream On Me Industries, Inc. and Dream On Me, Inc.

By: ___*s/ Thomas K. Murphy III*___
        Thomas K. Murphy III, Esq.

Date: July 11, 2025