**FALCON RAPPAPORT & BERKMAN**LLP

October 10, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:  *Go Global Retail LLC v. Dream On Me Industries, Inc, et al.*, Index No. 1:23-cv-07987

Dear Judge Subramanian:

      Plaintiff Go Global Retail LLC ("Plaintiff" or "Go Global") and Defendants Dream on Me Industries, Inc., and Dream on Me, Inc., ("Defendants" or "DOM") write jointly in response to Your Honor's October 7, 2025, Docket Order directing the parties to meet-and-confer to determine next steps as to Defendants' Motion to Withdraw (ECF 83), and furthermore to advise the Court whether a hearing on the motion is appropriate. Pursuant to Your Honor's Order, the Parties held a meet-and-confer on October 9, 2025. Plaintiff communicated that it opposes Defendants' Motion to Withdraw from the action without substitute counsel, and that doing so at the stage where the Parties should begin to schedule pretrial proceedings will prejudice Plaintiff by delaying the case. Defendants' counsel responded that their withdrawal is appropriate for the reasons set forth in the motion filed on July 11, 2025 (ECF 83). Accordingly, Defendants' counsel's position is that the motion should be granted for the reasons stated in it and because there has been no payment or communication since it was filed, but if Your Honor is not inclined to grant the motion to withdraw on the papers, Defendants' Counsel joins in Plaintiff's request that the Your Honor conduct a hearing on the motion.

      **I.**      **PLAINTIFF'S POSITION**

          **a. Case Law**

      "In considering whether to grant a motion to [withdraw], district courts must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *De Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020). The Court has broad discretion to permit or deny a withdrawal of counsel, including the terms or conditions precedent regarding the same. *See id.* ("It [is] well-settled, however, that a court has considerable discretion in deciding a motion for withdrawal of counsel and can impose conditions before allowing counsel to do so") (internal citation and quotation marks omitted). While non-payment of counsel's fees is an appropriate basis on which to grant withdrawal (*see Mendez v. K&Y Peace Corp.*, 2017 WL 11808872, at *1 (S.D.N.Y. Sept. 27, 2017)), a district court still maintains "wide latitude to deny a counsel's motion to withdraw." *James v. Enterprise Association of Steamfitters Local 638 of United Association of Steam, Hot Water, Hydraulic and General Piper Fitters of New York and Vicinity*, 2009 WL 10706010, at *3 (E.D.N.Y. Nov. 23, 2009). "District

October 10, 2025
Page 2

courts typically consider whether the prosecution of the suit is likely to be disrupted by withdrawal of counsel." *Id.* "[I]n the absence of a compelling justification, the Court will not relieve an attorney from his obligations." *Id.*

    **b. Argument**

Defendants' Counsel should not be permitted to withdraw because doing so will prejudice Plaintiff by delaying the timely prosecution of the action. Now that the Court has decided the Motions for Summary Judgment, Plaintiff is eager to either speak with Defendants to gauge a potential settlement, or begin setting the pretrial schedule. Plaintiff can do neither if DOM is unrepresented by Counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("a corporation may appear in the federal courts only through licensed counsel").

Furthermore, while Plaintiff is sympathetic to counsel's request to withdraw, DOM gives no indication that they intend to find substitute counsel, and instead their conduct suggests that they mean to ignore the instant action moving forward. Indeed, during the Parties' October 9, 2025, meet-and-confer, Plaintiff's Counsel inquired as to substitution, and Defendants' Counsel responded that they were unaware whether DOM was seeking or had obtained substitute counsel. Defendants' Counsel confirmed that they notified DOM of Counsel's intent to withdraw shortly before filing their motion. Despite Defendants' Counsel notifying DOM about the Motion to Withdraw, and filing the same over 2 months ago, no substitute counsel has made an appearance or reached out to Plaintiff. Defendants' Counsel furthermore stated that it sent DOM the Court's September 26, 2025, Order on the Motions for Summary Judgment, but that DOM did not respond to this communication either.

Following the Court's Order on Summary Judgment, Plaintiff reached out to Defendants on September 30, 2025, to coordinate next steps in this action. During that meet-and-confer, Plaintiff inquired whether Defendants would be interested in revisiting settlement discussions and even raised the prospect of mediation to resolve the dispute without further court intervention. Defendants' Counsel stated he would deliver Plaintiff's message to DOM, but also relayed that he had not heard from DOM for a period of months. As of the date of this letter, DOM has not responded to Plaintiff's request to discuss settlement. Plaintiff presently understands that Defendants' Counsel has not heard from DOM since before April 2025.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion to Withdraw or, in the alternative, grant the Motion on the condition precedent that DOM first obtain new counsel within 30 days of the Court's Order. Should DOM fail to obtain or substitute new counsel within the applicable period, Plaintiff further requests that the Court enter a briefing schedule for a motion for default judgment. *See Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (corporation that fails to appear by counsel can have default judgment entered against it). If Your Honor is not inclined to grant the above requested relief, Plaintiff alternatively requests Your Honor conduct a hearing on Defendants' Motion to Withdraw.

October 10, 2025
Page 3

## II. DEFENDANTS' POSITION

As set forth more fully in its motion to withdraw [ECF 83], Defendants' counsel should be permitted to withdraw due the large balance owed to the firm and a lack of communication and cooperation from our client. Indeed, Defendants have not communicated with counsel since the motion to withdraw was filed despite counsel sending multiple e-mails, serving the motion to withdraw and providing a copy of the Order on the summary judgment motions.[1]

The case law in this District clearly supports permitting withdrawal in this case, especially since there are currently no case deadlines and no trial date. Indeed, "[w]here an attorney desires to withdraw from a case, he will in most cases be allowed to do so; what amounts to specific performance by an attorney has been required, but such cases are extremely rare." Karimian v. Time Equities, Inc., No. 10 Civ. 3773, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) "Satisfactory reasons" for withdrawal include: "failure to pay legal fees, a client's lack of cooperation – including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" Diarama Trading Co., Inc. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005

Therefore, Defendants' counsel should be permitted to withdraw and should not be compelled to proceed towards a trial in this matter under the current circumstances. Plaintiff's concerns are sufficiently addressed by Plaintiff's proposal for alternative relief whereby the Court would set a deadline for new counsel to appear for Defendants. Moreover, if Defendants are unrepresented, there is no reason why they cannot be contacted directly by Plaintiff or Plaintiff's counsel. In fact, the current circumstances actually further impede progress in this case as Defendants have ceased communicating with counsel since even before our motion to withdraw was filed in July.

For the reasons set forth above and in the moving papers on the motion to withdraw, Defendants' counsel respectfully requests that its motion to withdraw be granted.

\*\*\*

Both parties thank Your Honor for your attention to this matter.

Respectfully submitted,

**Greenbaum, Rowe, Smith, and Davis LLP**          **Falcon Rappaport & Berkman LLP**

*/s/ Thomas K. Murphy III*                                         */s/ Moish E. Peltz*

---

[1] In the event that the Court requires Defendants' counsel to expound upon the underlying facts supporting the motion to withdraw in greater detail, Defendant's counsel respectfully requests that the Court permit us to provide such further details *ex parte* and *in camera* so as to not prejudice Defendants or the related entities/parties, or violate the ethical constraints on me.

**FALCON RAPPAPORT & BERKMAN**LLP

October 10, 2025
Page 4

By: Thomas K. Murphy III, Esq.

*Attorneys for Defendants Dream On Me,
Industries, Inc., and Dream On Me, Inc.*

By: Moish E. Peltz, Esq.
　Steven C. Berlowitz, Esq.

*Attorneys for Plaintiff Go Global Retail
LLC*

cc:　　All Counsel via ECF

FALCON RAPPAPORT & BERKMAN LLP