**FALCON RAPPAPORT & BERKMAN** LLP

November 25, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:  *Go Global Retail LLC v. Dream on Me Industries, Inc, et al.*, Index No. 1:23-cv-07987

Dear Judge Subramanian:

      This firm represents Plaintiff Go Global Retail LLC ("Plaintiff") in the above-referenced action, and we write in response to Your Honor's Order, dated November 18, 2025, directing the Parties to meet-and-confer, and to submit three two-week trial periods by November 30, 2025. *See* ECF 89. Because Defendants unilaterally submitted their own proposed trial periods (ECF 90), without cooperating with Plaintiff or obtaining Plaintiff's consent, Plaintiff is now reluctantly forced to respond with its own proposed dates and burden the Court with what should have been a joint letter.

      On November 19, 2025, counsel for Plaintiff and Defendants met and conferred by phone regarding Your Honor's Order. Defendants initially proposed trial periods beginning October 19, 2026, and ending November 30, 2026. Plaintiff informed Defendants that these proposed dates fell outside of Your Honor's date range, which require a trial period within the first seven months of 2026. *See* ECF 89. Later, by email, Defendants proposed May 25, 2026 – June 5, 2026; June 29, 2026-July 10, 2026; and July 20, 2026-July 31, 2026. Defendants explained that they preferred the last date on this list because Defendants purportedly require more time to get up to speed on this action in order to prepare for trial. Plaintiff continued to engage Defendants in alternate proposals to find at least some mutually agreeable dates, all of which Defendants rejected. Then, yesterday, without prior notice, Defendants unilaterally filed their letter with the Court providing their preferred dates.

      Defendants now write that the Parties were unable to agree on mutual trial dates. *See* ECF 90. This is true only because Defendants prematurely ended the discussion. Plaintiff fully intended to continue conferring with Defendants this week. Notably, Plaintiff last proposed May 18 – May 29 (which Defendants rejected), while Defendants now propose May 25-June 5. There was thus some consensus concerning dates in May that the Parties could have continued discussing.

      Defendants' counsel plainly stated during the Parties' meet-and-confer that Defendants desired a trial date as late as possible, and appear driven to delay trial. Moreover, although Defendants now apparently offer objections to Plaintiff's trial dates based on health concerns, they did so only *after* Defendants filed their letter, and only *after* Plaintiff emailed Defendants for an explanation of their filing. Plaintiff will, to the best of its ability, accommodate dates based upon any legitimate health needs of the Parties.

November 25, 2025
Page 2

     However, Defendants have refused to further engage with Plaintiff. Following Plaintiff's filing (ECF 90), Plaintiff still sought to come to an agreement with Defendants, but Defendants responded that they did not want to "argue" with Plaintiff about dates, and that Defendants were fine letting Your Honor pick to the extent the Parties could not agree. Plaintiff responded that Defendants' unilateral filing was not in compliance with the Court's Order, and requested the withdrawal of the letter to allow the Parties to resume coordination of mutually agreeable trial dates. Defendants' counsel did not respond to Plaintiff's email.

     Plaintiff therefore apologizes to the Court for the multiple submissions, which Plaintiff attempted in good faith to avoid. Accordingly, Plaintiff respectfully requests that Your Honor select one of the following two-week trial periods:

     April 6, 2026 - April 17, 2026;
     April 13, 2026 - April 24, 2026;
     May 18, 2026 - May 29, 2026.

     We thank Your Honor for your attention to this matter.

     Respectfully submitted,

     **Falcon Rappaport & Berkman LLP**

     */s/ Moish E. Peltz*
     By: Moish E. Peltz, Esq.
         Steven C. Berlowitz, Esq.

cc:    All Counsel via ECF