**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| GO GLOBAL RETAIL LLC,<br><br>                                   Plaintiff,<br><br>                   -against-<br><br>DREAM ON ME INDUSTRIES, INC.,<br>and DREAM ON ME, INC.<br><br>                                   Defendants. |

1:23-cv-07987 (AS)

**PRETRIAL ORDER**

Pursuant to the Court's April 2, 2026 Order (ECF 100), and Section 10.A of the Court's

Individual Practices in Civil Cases, Plaintiff Go Global Retail, LLC ("Plaintiff" or "Go Global")

submits this proposed Pretrial Order to the Court.[1]

### A.  CASE CAPTION

The full caption of this action is set forth above.

### B.  COUNSEL CONTACT INFORMATION

Trial Counsel for Plaintiff Go Global Retail LLC:

Steven C. Berlowitz, Esq.
Moish E. Peltz, Esq.
Jessica Moore, Esq.
Falcon Rappaport & Berkman LLP
1185 Avenue of the Americas, Suite 1415
New York, New York 10036
sberlowitz@frblaw.com
mpeltz@frblaw.com

---

[1] Defendants have not provided Plaintiff with a proposed exhibit or witness list, proposed stipulations of fact, objections, edits, or other information in furtherance of this Pretrial Order. Although the Parties have reached a settlement in principle, they have not yet formalized their agreement or filed a stipulation of dismissal. Plaintiff's counsel informed Defendants' counsel that, in an abundance of caution, Plaintiff will file the Pretrial Order to comply with the Court's Pretrial Schedule, and requested Defendants provide the requisite information, which Defendants declined. Defendants did not object to Plaintiff filing the instant Pretrial Order.

jmoore@frblaw.com
(212) 203-3255

Trial Counsel for Defendants Dream on Me Industries, Inc., and Dream on Me, Inc.:

Gary E. Fox, Esq.
Fox & Melofchik, LLC
12 Christopher Way, Suite 101
Eatontown, New Jersey 07724
garyfox@jerseylawoffice.com
(732) 493-9400

## C.  SUBJECT MATTER JURISDICTION

Plaintiff's Statement: This Court has subject matter jurisdiction under federal law pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331. This Court furthermore has supplemental jurisdiction over all other claims asserted in this action because the claims relate to the original jurisdiction claim, and form part of the same case or controversy. *See* 28 U.S.C. § 1367.

Defendants' Statement: Defendants did not provide Plaintiff with Defendants' statement regarding subject matter jurisdiction.

## D.  CLAIMS AND DEFENSES

Plaintiff's Claims: Plaintiff's First Amended Complaint brought claims for breach of contract (Count 1), attorney's fees (Count 2), unjust enrichment (Count 3), constructive trust (Count 4), violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count 5), and common law misappropriation of trade secrets (Count 6). The Court dismissed Plaintiff's claims for unjust enrichment and constructive trust in its Opinion and Order on Summary Judgment on September 26, 2025. *See* ECF 84. The Court similarly granted Plaintiff's breach of contract as to liability, and ordered that the claim proceed to trial so that a jury can determine damages. *See id.*

Accordingly, the following claims remain to be resolved at trial:

1. Damages for breach of contract (Count 1): Plaintiff claims Defendants entered into a non-disclosure agreement ("NDA") in which Defendants promised not to disclose Plaintiff's proprietary information, use Plaintiff's proprietary information except to structure a joint bid with Plaintiff, or bid in the Baby Bankruptcy Auction without Plaintiff's participation. Plaintiff claims Defendants caused damage to Plaintiff by breaching the nondisclosure provision of the NDA, improperly using Plaintiff's proprietary information in furtherance of a solo bid, as well as by bidding without Plaintiff's knowledge or consent (non-circumvention clause). Plaintiff claims that Defendants' disclosure of information in violation of the NDA damaged Plaintiff by destroying the value of the information Plaintiff provided to Defendants.

2

Plaintiff claims that Defendants' breach of the non-circumvention clause damaged Plaintiff by depriving Plaintiff of lost-profits from the resulting joint-venture, pursuant to the NDA. Plaintiff also claims entitlement to all reasonable costs as the prevailing party in the breach of contract cause of action, including reasonable attorneys' fees.

2. <u>Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (Count 5)</u>: Plaintiff claims it provided Defendants with proprietary trade secret information pursuant to a valid and binding non-disclosure agreement. Plaintiff claims Defendants misappropriated the information by (1) making affirmative misrepresentations in order to obtain the trade secret information; (2) disclosing the trade secret information; and (3) using the information to develop Defendants' own plan in order to avoid development and research costs. Plaintiff claims that its trade secret information consists of proprietary forecasts, financial models, data, a technology plan, and strategic operating plans. Plaintiff claims that it maintained the secrecy of its trade secret information by, among other things, restricting access to the information, storing it in a password protected data room, and sharing it only under the protection of an NDA. Plaintiff claims that its trade secret information is valuable, and that it derives its value from not being publicly available. Plaintiff claims that its trade secret information was developed over the course of thousands of hours of research and due diligence, and was compiled by retail experts.

3. <u>Common Law Misappropriation of Trade Secrets (Count 6)</u>: Plaintiff claims it provided Defendants with proprietary trade secret information pursuant to a valid and binding non-disclosure agreement. Plaintiff claims Defendants misappropriated the information by (1) making affirmative misrepresentations in order to obtain the trade secret information; (2) disclosing the trade secret information; and (3) using the information to develop Defendants' own plan in order to avoid development and research costs. Plaintiff claims that its trade secret information consists of proprietary forecasts, financial models, data, a technology plan, and strategic operating plans. Plaintiff claims that it maintained the secrecy of its trade secret information by, among other things, restricting access to the information, storing it in a password protected data room, and sharing it only under the protection of an NDA. Plaintiff claims that its trade secret information is valuable, and that it derives its value from not being publicly available. Plaintiff claims that its trade secret information was developed over the course of thousands of hours of research and due diligence, and was compiled by retail experts.

<u>Defendants' Statement Regarding Claims and Defenses</u>: Defendants did not provide Plaintiff with a statement regarding Defendants' claims and defenses.

### E.  JURY TRIAL DATES

Plaintiff anticipates that 10 trial days will be required to present this case. This is a jury trial.

### F. JOINT STATEMENT SUMMARIZING CASE

Plaintiff's Position: Defendants did not submit any proposed statement summarizing the case, or provide Plaintiff with edits to Plaintiff's proposed statement, which is listed below. Accordingly, the statement below is from Plaintiff alone, with no input from Defendants.

Plaintiff's Statement Summarizing the Case: Plaintiff is a private equity and brand investment firm that buys distressed retail assets. Defendants are designers, manufacturers, and suppliers of baby products. In 2023, after learning that Bed Bath & Beyond planned to auction off assets of its subsidiary, buybuy BABY (BBBY), Plaintiff began work to structure a bid. During that process, Plaintiff and Defendants discussed the opportunity of forming a joint partnership and bidding together for the BBBY assets. In furtherance of this potential partnership, Defendants signed a non-disclosure agreement ("NDA") with Plaintiff. Defendants promised, among other things, not to disclose any information Plaintiff provided to Defendants in the course of exploring their potential joint partnership. Defendants also promised that they would not bid for the BBBY assets without Plaintiff's knowledge and consent. Plaintiff then provided Defendants with its proprietary trade secret information, which Plaintiff asserts consisted of, among other things, financial modeling, bidding strategies, and a technology plan. Plaintiff asserts that Defendants violated the NDA by unlawfully disclosing Plaintiff's proprietary trade secret information to raise investment capital; using the information to develop Defendants' own bid and accelerate Defendants' due diligence and research; and bidding in the Baby Bankruptcy Auction without Plaintiff's participation.

## G. PEOPLE, PLACES, AND INSTITUTIONS LIKELY TO BE MENTIONED DURING TRIAL

<u>Plaintiff's Position:</u> Defendant did not provide Plaintiff with a list of people, places, and institutions likely to be mentioned during trial. The list below is comprised of people, places, and institutions created solely by Plaintiff.

1. <u>People Likely to be Mentioned:</u>
   a. Jeffrey Streader
   b. Christian Feuer
   c. Deborah Garguilo
   d. Yuen Chau
   e. Kathleen Lauster
   f. Mathew Lapish
   g. Thoryn Stephens
   h. Mark Srour
   i. Avish Dahiya
   j. Milan Gandhi
   k. Amit Malhotra
   l. Jack Srour
   m. Michael Tennyson
   n. Jacob Sod
   o. Scott Englander
   p. Gary Mason
   q. Joseph Friedland
   r. Patty Wu
2. <u>Places Likely to be Mentioned:</u>
   a. 45 Veronica Avenue, Somerset, NJ 089873, Defendants' principal place of business
   b. 1532 S Washington Avenue, Piscataway, NJ 08854, Defendants' notice address in Asset Purchase Agreement approved by the Bankruptcy Court's Sale Order
3. <u>Institutions or Companies Likely to be Mentioned:</u>
   a. Go Global LLC
   b. Dream on Me Industries, Inc.
   c. Dream on Me, Inc.
   d. Bed Bath & Beyond, Inc.
   e. BuyBuy Baby
   f. Amazon.com, Inc.
   g. Janie and Jack, LLC
   h. Lazard
   i. AlixPartners
   j. Ashland
   k. 6th Street
   l. JFR Global
   m. Perot Group

### H. CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to trial by a Magistrate Judge.

### I. STIPULATIONS OF FACT OR LAW.

Plaintiff provided Defendants with a proposed stipulation of facts for Defendants' review. Defendants did not provide feedback or consent to Plaintiff's proposed stipulation of facts. Defendants likewise did not provide their own proposed stipulation of facts. Accordingly, there are no stipulated facts.

### J. TRIAL WITNESSES

Plaintiff's Trial Witnesses:

1. <u>Jeffrey Streader</u>: Mr. Streader will testify live about his background and the background of Go Global; the development of Go Global's proprietary trade secret information relating to the Baby Bankruptcy Auction; the events and circumstances regarding Go Global's development of a bid for the Baby Bankruptcy Assets; the events and circumstances regarding the signing of the NDA with Defendants, and Defendants' disclosure of Go Global's trade secret information; and the events and circumstances regarding Go Global's attempts to form a joint partnership with Defendants. Mr. Streader will not require an interpreter.

2. <u>Christian Feuer</u>: Mr. Feuer will testify live about his background; the development and use of Go Global's proprietary trade secret information relating to the Baby Bankruptcy Auction; the events and circumstances regarding Go Global's development of a bid for the Baby Bankruptcy Assets; the events and circumstances regarding the signing of the NDA and disclosure of Plaintiff's trade secret information; and the events and circumstances

regarding Go Global's attempts to form a joint partnership with Defendants. Mr. Feuer will not require an interpreter.

3.  Deborah Garguilo: Ms. Garguilo will testify live about her background; the development of Go Global's proprietary trade secret information relating to the Baby Bankruptcy Auction; the events and circumstances regarding Go Global's development of a bid for the Baby Bankruptcy Assets; the events and circumstances regarding the signing of the NDA and disclosure of Plaintiff's trade secret information; and the events and circumstances regarding Go Global's attempts to form a joint partnership with Defendants. Ms. Garguilo will not require an interpreter.

4.  Yuen Chau: Mr. Chau will testify live about his background; the development of Go Global's proprietary trade secret information relating to the Baby Bankruptcy Auction; the events and circumstances regarding Go Global's development of a bid for the Baby Bankruptcy Assets; the events and circumstances regarding the signing of the NDA and disclosure of Plaintiff's trade secret information; and the events and circumstances regarding Go Global's attempts to form a joint partnership with Defendants. Mr. Chau will not require an interpreter.

5.  Kathleen Lauster: Ms. Lauster will testify live about her background; her work to assist Go Global in obtaining funding and/or investment for a bid for the Baby Bankruptcy Assets; the events and circumstances regarding Go Global's development of a bid for the Baby Bankruptcy Assets; the events and circumstances regarding the signing of the NDA and disclosure of Plaintiff's trade secret information; and the events and circumstances regarding Go Global's attempts to form a joint partnership with Defendants. Ms. Lauster will not require an interpreter.

6. <u>Alan Schachter</u>: Mr. Schachter will testify live about his expert opinion concerning the calculation of Go Global's damages resulting from Defendants' breach of contract and misappropriation of Go Global's proprietary trade secret information. Mr. Schachter will not require an interpreter.

7. <u>Katerina Gaebel</u>: Ms. Gaebel will testify live about the calculation of Go Global's damages resulting from Defendants' breach of contract and misappropriation of Go Global's proprietary trade secret information. Ms. Gaebel will not require an interpreter.

8. <u>Mark Srour</u>: Plaintiff anticipates that Mr. Srour will testify live about his background; the background of Dream on Me, Industries, Inc., and Dream on Me, Inc.; the events and circumstances regarding Plaintiff and Defendants' attempts to develop a joint partnership and joint bid for the Baby Bankruptcy Assets; and Defendants' use and disclosure of Plaintiff's proprietary trade secret information. Plaintiff anticipates that Mr. Srour will not require an interpreter.

9. <u>Avish Dahiya</u>: Plaintiff anticipates that Mr. Dahiya will testify live about his background; the background of Dream on Me, Industries, Inc., and Dream on Me, Inc.; the events and circumstances regarding Defendants' execution of and compliance with the NDA; the events and circumstances regarding Plaintiff and Defendants' attempts to develop a joint partnership and joint bid for the Baby Bankruptcy Assets; and Defendants' use and disclosure of Plaintiff's proprietary trade secret information. Plaintiff anticipates that Mr. Dahiya will not require an interpreter.

10. <u>Amit Malhotra</u>: Plaintiff anticipates that Mr. Malhotra will testify live about his background; the events and circumstances regarding Plaintiff and Defendants' attempts to develop a joint partnership and joint bid for the Baby Bankruptcy Assets; Plaintiff's

technology plan and Defendants' review and use thereof; and Defendants' use and disclosure of Plaintiff's proprietary trade secret information. Plaintiff anticipates that Mr. Malhotra will not require an interpreter.

11. <u>Milan Gandhi</u>: Plaintiff anticipates that Mr. Gandhi will testify live about his background; the events and circumstances regarding Defendants' execution of and compliance with the NDA; the events and circumstances regarding Plaintiff and Defendants' attempts to develop a joint partnership and joint bid for the Baby Bankruptcy Assets; and Defendants' use and disclosure of Plaintiff's proprietary trade secret information. Plaintiff anticipates that Mr. Gandhi will not require an interpreter.

<u>Defendants Trial Witnesses</u>: Defendants did not provide Plaintiff with a list of trial witnesses.

## K. DEPOSITION DESIGNATIONS

<u>Plaintiff:</u> Plaintiff intends to call live witnesses and furthermore intends to only use deposition testimony for impeachment purposes. However, Plaintiff has supplied PDF copies of deposition designations in the event a witness becomes unavailable. Defendants did not object to Plaintiff's designation of deposition testimony.

<u>Defendants:</u> Defendants did not provide Plaintiff with any deposition designations.

## L. PROPOSED TRIAL EXHIBITS

<u>Plaintiff's Proposed Trial Exhibit List:</u>

| Exhibit Number | Date | Bates | Description | Objections |
|---|---|---|---|---|
| PX-1 | 9/30/24 | N/A | Deposition Transcript of Jeffrey Streader | |
| PX-2 | 10/7/24 | N/A | Deposition Transcript of Christian Feuer | |
| PX-3 | 10/18/24 | N/A | Deposition Transcript of Deborah Gargiulo | |
| PX-4 | 10/16/24 | N/A | Deposition Transcript of Yuen Chau | |
| PX-5 | 10/1/24 | N/A | Deposition Transcript of Mark Srour | |

| PX-6 | 10/2/24 | N/A | Deposition Transcript of Avish Dahiya | |
|---|---|---|---|---|
| PX-7 | 10/17/24 | N/A | Deposition Transcript of Milan Gandhi | |
| PX-8 | 10/24/24 | N/A | Deposition Transcript of Amit Malhotra | |
| PX-9 | 10/10/24 | N/A | Deposition Transcript of Kathleen Lauster | |
| PX-10 | 7/11/23 | N/A | In re Bed Bath & Beyond, Inc., et al., Order (I)Approving the Sale of the Acquired Assets Free And Clear Of All Liens, Claims And Encumbrances, (II) Authorizing The Debtors To Enter Into And Perform Their Obligations Under The Asset Purchase Agreement, And (III) Granting Related Relief (Dk #1416) | |
| PX-11 | 6/29/23 | N/A | In re Bed Bath & Beyond, Inc., et al., Notice of (I) Initial Winning Bidder And Backup Bidder With Respect To The June 28, 2023 Auction For Baby IP Assets And (II) Amendment Of Certain Dates And Deadlines Related To The Debtors' Bidding Procedures (Dk #1124) | |
| PX-12 | 4/27/23 | GG-0013660 | Email from Jeffrey Streader to Jason Wooten re: Bed Bath & Beyond call with Go Global | |
| PX-13 | N/A | N/A | Financial Model with Covers | |
| PX-14 | 6/14/23 | DOM0002943-44 | Email from Mark Srour to Charles DOM re: Fwd: Go Global – BBB Investment Original Message: | |
| PX-15 | 11/15/24 | N/A | Go Global Retail LLC's Expert Report by Alan Schachter CPA/ABV/CFF, CVA, CFE | |
| PX-16 | 6/10/23 | DOM0010726-27 | Email from Milan Gandhi to Christian Feuer, Mark Srour, Avish Dahiya Re: Connect | |
| PX-17 | 6/10/23 | GG-0009434-35 | Email from Abhishek Pathania to Avish Dahiya, Milan Gandhi, | |

| | | | | |
|---|---|---|---|---|
| | | | Mark Srour Re: [EXT] Re: Connect | |
| PX-18 | 6/10/23 | GG-0008791-94 | Go Global-DOM Nondisclosure Agreement | |
| PX-19 | 6/10/23 | GG-0009422-23 | Email from Kathleen Lauster to Matthew Lapish, Milan Gandhi, Mark Srour, Avish Dahiya, Christian Feuer Re: Dream on Me – GoGlobal | |
| PX-20 | 6/14/23 | GG-0013000-03 | Email from Christian Feuer to Kathleen Lauster Re: [EXT] Tomorrow's Agenda | |
| PX-21 | 6/15/23 | N/A | Transcript of June 15, 2023 Meeting | |
| PX-22 | 6/9/23-8/9/24 | DOM0010092-100 | WhatsApp Transcript – DOM conversation re Baby | |
| PX-23 | 6/14/23 | DOM0002969-70 | Email from Mark Srour to Michael Tennyson and Gary Mason Fwd: Go Global -BBB Investment | |
| PX-24 | 6/14/23 | DOM0002995-96 | Email from Mark Srour to Michael Tennyson and Gary Mason Re: Go Global – BBB Investment | |
| PX-25 | 6/15/23 | DOM0003028-29 | Email from Scott Englander to Mark Srour Re: Go Global – BBB Investment | |
| PX-26 | 6/19/23 | DOM0010953 | Email from Avish Dhiya to Mark Srour and Milan Gandhi re: BBB Go Forward Plan we can use | |
| PX-27 | 8/1/23 | DOM0018444 | Email from Amit Malhotra to Mark Srour and Avish Dahiya re: buybuyBaby Launch Integrated Tech Plan & Budget Outlay | |
| PX-28 | N/A | DOM0018445-52 | Technology Roadmap buybuyBaby Start | |
| PX-29 | 6/15/23 | DOM0003098-103 | Email Chain re: Your questions | |
| PX-30 | 6/12/23 | GG-0008935-36 | Email Chain re: Your questions | |
| PX-31 | 6/23/23 | DOM-0011714-16 | Fwd Message from Brendan Shea to Avish Dahiya, Milan Gandhi, Christian Tempke and Project Butterfly re: BBBY-Cash Flow Model. | |

| | | | | |
|---|---|---|---|---|
| | | | Avish Dahiya to Milan Gandhi and Mark Srour | |
| PX-32 | 6/26/23 | GG-0034333 | Fwd Message Email from Jeffrey Streader to Christian Tempke, Brendan Shea, Kathleen Lauster, Matthew Lapish, Christian Feuer, Jason Wooten re: Go Global – Project Butterfly. Jeffrey Streader to Andrew Axelrod and Steven Hannan | |
| PX-33 | 6/26/23 | GG-0034330 | Email from Jeffrey Streader to Andrew Axelrod cc: Steve Hannan, Yuen Chau, Christian Feuer re: Go Global – Baby – 9 Lives | |
| PX-34 | 6/16/23 | GG-0008707-14 | Memorandum: Draft Bid for the Assets of BuyBuy Baby From: Christian Feuer to Lazard Freres & Co, Attn: Christian Tempke | |
| PX-35 | 6/28/23 | DOM0014033-42 | Email Chain: Between: Ian Winters to Jacob Sod, Mark Srour Cc: Effie Balhassen, Gregory Preis, Avish Dahiya, Milan Gandhi, Stephanie Sweeny, Brendan Scott re: Re | |
| PX-36 | 6/29/23 | GG-0048828 | Email Chain between: Jeffrey Streader, Thoryn Stephens, Mo Beig, Chris Schreiber, Deborah Gargiulo, Yuen Chau, Christian Feuer Re: BABY update – June 29 | |
| PX-37 | 6/21/23 | N/A | Order Authorizing the Debtors to (I) Designate Overstock.Com, Inc. as the Stalking Horse Bidder and (II) Enter into the Stalking Horse Agreement | |
| PX-38 | 7/18/23 | GG-0012966-67 | Demand Letter from Go Global Retail, LLC's Counsel to Dream on Me, Inc., Attn. Avish Dahiya | |
| PX-39 | 4/6/23 | GG-0033172 | Email from Jeffrey Streader to Jason Wooten re: Bed Bath & | |

12

| | | | Beyond proposes reverse stock split as it struggles to avoid bankruptcy | |
|---|---|---|---|---|
| PX-40 | 3/19/23 | GG-0012965 | Email from Jeffrey Streader to Yuen Chau Re: Project Butterfly VDR access | |
| PX-41 | 12/20/24 | N/A | Affidavit of Jeffrey Streader | |
| PX-42 | N/A | N/A | Intentionally Left Blank | |
| PX-43 | 5/10/24 | N/A | Defendants' Answer to Amended Complaint | |
| PX-44 | 6/19/23 | DOM0010877 | Email from Patty Wu to Brendan Shea and Avish Dahiya re: DOM due diligence | |
| PX-45 | 6/15/23 | N/A | June 15 audio/video file | |
| PX-46 | N/A | N/A | Composite of Go Global NDAs | |
| PX-47 | 6/16/23 | DOM0003032 | Email from A. Dahiya to S. Englander | |
| PX-48 | 6/28/2023 | DOM0014065- | Email from M. Gandhi to A. Dahiya | |
| PX-50 | 6/16/23 | DOM0003039 | Email from M. Srour to S. Englander | |

Defendants' Proposed Trial Exhibit List: Defendants did not provide Plaintiff with a list of Defendants' proposed trial exhibits.

## M. DAMAGES

Plaintiff:

1. On Plaintiff's claim for breach of the non-disclosure agreement, Plaintiff seeks $37,292,525 from Defendants, together with prejudgment interest at the statutory rate of 9% per annum.

2. On Plaintiff's claim that Defendants misappropriated Plaintiff's proprietary trade secret information under the Defend Trade Secrets Act, Plaintiff seeks lost profit damages totaling $26,257,965. Alternatively, Plaintiff seeks damages based upon a reasonable royalty, totaling $37,292,525. Alternatively, Plaintiff seeks damages based upon unjust enrichment

13

for Defendants' use of Plaintiff's proprietary trade secret information to avoid research and development costs, totaling $1,545,813.

3.  On Plaintiff's claim that Defendants misappropriated Plaintiff's proprietary trade secret information under the New York common law, Plaintiff seeks lost profit damages totaling $26,257,965. Alternatively, Plaintiff seeks damages based upon a reasonable royalty, totaling $37,292,525. Alternatively, Plaintiff seeks damages based upon unjust enrichment for Defendants' use of Plaintiff's proprietary trade secret information to avoid research and development costs, totaling $1,545,813.

4.  Plaintiff also seeks punitive damages as well as attorneys' fees and costs available at contract or law.

## N.  CONSENT TO UNANIMOUS VERDICT

The parties do not consent to a less than unanimous verdict.

Date: New York, New York
      July 17, 2026

                                 **FALCON RAPPAPORT & BERKMAN LLP**

                                 By: /s/ Steven C. Berlowitz
                                     Steven C. Berlowitz, Esq.
                                     1185 Avenue of the Americas, Suite 1415
                                     New York, New York 10036
                                     sberlowitz@frblaw.com
                                     Tel: (516) 599-0888

                                 *Attorney for Plaintiff Go Global Retail LLC*