UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

GO GLOBAL RETAIL LLC,

Plaintiff,

-against-

DREAM ON ME INDUSTRIES, INC. and DREAM ON ME, INC.,

Defendants.

---------------------------------------------------------------- x

Case No. 1:23-cv-07987 (AS)

**STIPULATION AND [PROPOSED] ORDER OF SETTLEMENT AND VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)**

WHEREAS, Plaintiff Go Global Retail LLC ("Plaintiff") and Defendants Dream On Me Industries, Inc. and Dream On Me, Inc. (together, "Defendants," and together with Plaintiff, the "Parties"), together with Mark Serure, individually ("Serure"), entered into that certain Settlement Agreement and Release dated as of August 17, 2026 (the "Settlement Agreement");

WHEREAS, the Court's Order of Dismissal (ECF 106) provides that, if the parties wish for the Court to retain jurisdiction to enforce any settlement agreement, they must submit the settlement agreement to the Court, to be "SO ORDERED," by the deadline to reopen, and Paragraph 9.B of the Court's Individual Practices for Civil Cases provides that the Court will not retain jurisdiction to enforce a settlement agreement unless its terms are placed on the public record;

WHEREAS, the Parties and Serure have fully executed the Settlement Agreement, which provides for payment of the settlement amount in installments through February 2028 and for a Consent Judgment, executed contemporaneously and held in escrow by Plaintiff's counsel, to be entered upon any uncured default, and the Parties accordingly seek the Court's continued jurisdiction to enforce the Settlement Agreement's terms; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-captioned action is voluntarily dismissed, with prejudice, against Defendants DREAM ON ME INDUSTRIES, INC. and DREAM ON ME, INC., pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), with each party to bear its own costs and attorneys' fees except as otherwise set forth in the Settlement Agreement.

IT IS FURTHER STIPULATED AND AGREED that the fully executed Settlement Agreement, dated August 17, 2026, is attached hereto as Exhibit 1 and is filed herewith on the public docket of this action, in accordance with the Court's Order of Dismissal (ECF 106), Paragraph 9.B of the Court's Individual Practices for Civil Cases, and Paragraph 16 of the Settlement Agreement, and is submitted to the Court to be endorsed "SO ORDERED."

IT IS FURTHER STIPULATED AND AGREED that, upon the Court's endorsement hereof, and consistent with *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), and *Hendrickson v. United States*, 791 F.3d 354 (2d Cir. 2015), the Court shall retain jurisdiction to enforce all terms of the Settlement Agreement, including jurisdiction to enter the Consent Judgment contemplated therein against Defendants and Serure.

IT IS FURTHER STIPULATED AND AGREED that the terms of the Settlement Agreement are incorporated by reference into this Court's order of dismissal as if fully set forth herein.

IT IS FURTHER STIPULATED AND AGREED that Serure, individually and as a signatory to the Settlement Agreement and to the Consent Judgment executed and held in escrow thereunder, hereby consents to the Court's continuing jurisdiction over him for purposes of

enforcement of the Settlement Agreement and entry of the Consent Judgment, waives any objection to the Court's exercise of such jurisdiction, and joins this Stipulation solely for the purposes stated in this paragraph.

IT IS FURTHER STIPULATED AND AGREED that the Parties jointly and respectfully request that the Court endorse this Stipulation "SO ORDERED," thereby placing the Settlement Agreement on the public record with the Court's endorsement and embodying the dismissal, the incorporation of the Settlement Agreement's terms, and the retention of jurisdiction set forth herein in an order of the Court.

IT IS FURTHER STIPULATED AND AGREED that this instrument may be executed in counterparts, each of which shall be taken to be one and the same instrument, with the same effect as if all parties had signed the same signature page, and that a photocopy, facsimile, or electronic signature shall be deemed an original for all purposes.

FALCON RAPPAPORT & BERKMAN LLP

By: */s/ Moish E. Peltz*
Moish E. Peltz, Esq.
Attorneys for Plaintiff
1185 Avenue of the Americas
New York, New York 10036
(212) 203-3255
mpeltz@frblaw.com

Dated: August 28, 2026

FOX & MELOFCHIK, L.L.C.

By: */s/ Gary Fox*
Gary Fox, Esq.
Attorneys for Defendants
12 Christopher Way, Suite 101
Eatontown, New Jersey 07724
(732) 493-9400
GaryFox@jerseylawoffice.com

Dated: August 28, 2026

MARK SERURE, individually, as a signatory to the Settlement Agreement, consenting as set forth above:

____________________________
Mark Serure

Dated: August ___, 2026

enforcement of the Settlement Agreement and entry of the Consent Judgment, waives any objection to the Court's exercise of such jurisdiction, and joins this Stipulation solely for the purposes stated in this paragraph.

IT IS FURTHER STIPULATED AND AGREED that the Parties jointly and respectfully request that the Court endorse this Stipulation "SO ORDERED," thereby placing the Settlement Agreement on the public record with the Court's endorsement and embodying the dismissal, the incorporation of the Settlement Agreement's terms, and the retention of jurisdiction set forth herein in an order of the Court.

IT IS FURTHER STIPULATED AND AGREED that this instrument may be executed in counterparts, each of which shall be taken to be one and the same instrument, with the same effect as if all parties had signed the same signature page, and that a photocopy, facsimile, or electronic signature shall be deemed an original for all purposes.

| FALCON RAPPAPORT & BERKMAN LLP | FOX & MELOFCHIK, L.L.C. |
| --- | --- |
| By: ______________________ | By: ______________________ |
| Moish E. Peltz, Esq.<br>Attorneys for Plaintiff<br>1185 Avenue of the Americas<br>New York, New York 10036<br>(212) 203-3255<br>mpeltz@frblaw.com | Gary Fox, Esq.<br>Attorneys for Defendants<br>12 Christopher Way, Suite 101<br>Eatontown, New Jersey 07724<br>(732) 493-9400<br>GaryFox@jerseylawoffice.com |
| Dated: August ___, 2026 | Dated: August ___, 2026 |

MARK SERURE, individually, as a signatory to the Settlement Agreement, consenting as set forth above:

______________________
Mark Serure

Dated: August 17, 2026

**SO ORDERED.**

Dated: New York, New York
_______________, 2026

____________________________________
HON. ARUN SUBRAMANIAN
United States District Judge

# EXHIBIT 1

# STIPULATION OF SETTLEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into by and between GO GLOBAL RETAIL LLC (the "Plaintiff") and DREAM ON ME INDUSTRIES, INC. and DREAM ON ME, INC. (the "Defendants") (Plaintiff and Defendants, collectively, the "Parties").

## BACKGROUND

A. Plaintiff has pending a civil action in the United States District Court, Southern District of New York, Case No. 23-cv-7987 (AS) (the "Lawsuit").

B. It is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, facts, events, misrepresentations, transactions, occurrences, or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

C. Mark Serure ("Serure") is the principal of Defendants and will derive material personal benefit from the resolution of the Lawsuit and the releases granted herein. Plaintiff would not have agreed to settle the Lawsuit on the terms set forth herein absent Serure's personal guaranty of Defendants' obligations.

NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements contained in this Agreement, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## TERMS OF AGREEMENT

1. **<u>No Admission of Wrongdoing.</u>** Nothing contained herein is to be construed as an admission by any of the Parties with respect to the claims asserted in the Lawsuit. The Parties agree that they have entered into this Agreement to avoid further expense and protracted litigation, and that such compromise is not an admission of any liability or wrongdoing by any of the Parties.

2. **<u>Dismissal with Prejudice.</u>** Within five (5) business days following Plaintiff's receipt of the Initial Settlement Payment (defined below), the Parties, through counsel, shall file a stipulation of settlement in the form attached hereto as <u>Exhibit A</u> (the "Stipulation of Settlement").

3. **<u>Settlement Amount.</u>** The Parties agree to settle the Lawsuit, and all other disputes between them that could have been asserted in the Lawsuit against Defendants for a total payment to Plaintiff of One Million dollars and no cents ($1,000,000.00), inclusive of all costs and attorneys' fees (the "Settlement Amount"). Defendants acknowledge and agree that Plaintiff's claims in the Lawsuit have an agreed value of Two Million One Hundred Thousand and 00/100 Dollars ($2,100,000.00), and that the Settlement Amount reflects a substantial compromise of such

Case 1:23-cv-07987-AS Document 110 Filed 08/28/26 Page 8 of 13

claims agreed to by Plaintiff in consideration of, among other things, Defendants' strict compliance with the payment terms of this Agreement.

4. **Settlement Payments.** Payment of the Settlement Amount shall be made to Plaintiff's attorneys by wire transfer and pursuant to the wire instructions set forth in Exhibit B as follows:

a. $150,000.00 shall be due on September 1, 2026 (the "Initial Settlement Payment").

b. The remaining $850,000.00 shall be paid in seventeen (17) equal monthly installments of $50,000.00, with the first payment due on October 1, 2026, and all subsequent payments due on the first business day of each month thereafter (the "Monthly Payment Deadline"). The final monthly installment shall be due on the first business day of February 2028. Time is of the essence with respect to the Initial Settlement Payment and each Monthly Payment Deadline under this Agreement.

c. This Agreement, including the settlement of the Lawsuit and the releases set forth herein, shall become effective only upon Plaintiff's receipt of the Initial Settlement Payment. The failure of Defendants to pay the Initial Settlement Payment on or before September 1, 2026 shall not constitute a default under this Agreement. Rather, if Plaintiff does not receive the Initial Settlement Payment on or before September 1, 2026, this Agreement shall automatically, and without any further action by any Party, become null and void and of no force or effect, in which case: (i) there shall be no settlement of the Lawsuit and no release of any claims by any Party; (ii) the Parties shall have no obligation to file the Stipulation of Settlement; (iii) the Parties shall be restored to their respective positions in the Lawsuit as if this Agreement had never been executed; and (iv) Plaintiff may continue to prosecute the Lawsuit. In such event, the Notice of Default, cure, Consent Judgment, interest, and confession of judgment provisions of this Agreement shall not apply to Defendants' failure to pay the Initial Settlement Payment.

d. If Defendants fail to make any monthly installment payment by the Monthly Payment Deadline(s), Plaintiff may declare Defendants in default of their obligations under this Agreement by providing written notice of the same via email at marks@dreamonme.com and garyfox@jerseylawoffice.com ("Notice of Default"). Defendants shall then have ten (10) business days to cure payment from the date of service of Plaintiff's Notice of Default. The Notice of Default shall be deemed served, and the cure period shall run, from the date of transmission of the email(s) described above. If Defendants fail to timely cure, the entire unpaid balance of the Settlement Amount shall automatically accelerate and become immediately due and payable, without further notice or

demand. If Defendants fail to cure payment, Plaintiff may then obtain a Consent Judgment in the form attached hereto as Exhibit C, which Defendants consent they will not oppose other than with proof of payment, for the amount of Two Million One Hundred Thousand and 00/100 Dollars ($2,100,000.00), representing the agreed value of Plaintiff's claims in the Lawsuit as set forth in this Agreement, less all payments actually received by Plaintiff under this Agreement, upon the filing of a Certification of Default with the Court. Contemporaneously with the execution of this Agreement, Defendants and Mark Serure ("Serure") shall execute the Consent Judgment and deliver it to Plaintiff's counsel, to be held in escrow and not filed except in accordance with this Paragraph. Upon the filing of the Certification of Default, Plaintiff's counsel is authorized to release the executed Consent Judgment from escrow and file it with the Court, and the Consent Judgment shall be deemed entered automatically, without further notice to Defendants, subject to the Court's retention of jurisdiction to enforce this Agreement as set forth herein. If Defendants default on this Agreement, interest shall accrue at the rate of one percent (1%) per month on $2,100,000, minus any amounts paid by Defendants pursuant to this Agreement, running from the date each payment was due until paid in full. This Court shall retain jurisdiction to enforce the terms of this Agreement. In the event that the Court does not enter the Consent Judgment, Defendants and Serure consent to the entry of judgment against them, jointly and severally, in the amount described in this Paragraph, in any court of competent jurisdiction, including the Superior Court of New Jersey, and agree to execute an affidavit or confession of judgment in the form required by the law of such jurisdiction, together with all documents necessary for the entry of judgment therein. The payment obligations of Defendants under this Agreement are the joint and several obligations of each Defendant and each of their respective affiliates. In the event of a default by Defendants under this Agreement, Serure shall be jointly and severally liable, in his personal and individual capacity, for all amounts due and owing under this Agreement, including the amount of the Consent Judgment. By executing this Agreement in his individual capacity, Serure absolutely, unconditionally, and irrevocably guarantees the full and prompt payment of all amounts payable by Defendants under this Agreement, consents to the entry of the Consent Judgment against him personally, and waives any requirement that Plaintiff first proceed against, or exhaust its remedies against, Defendants.

5. **Expenses and Attorneys' Fees.** Except as otherwise specified herein, each of the Parties hereto shall bear and pay all their own costs and expenses incurred by it or on its behalf in connection with this Agreement, including fees and expenses of its own counsel. In the event of litigation arising out of a breach by a Party of any of the terms contained in this Agreement, the prevailing party in such litigation shall be entitled to receive reasonable attorneys' fees and costs.

6. **Release.**

a. The releases set forth in this Paragraph shall become effective only upon Plaintiff's receipt of the Initial Settlement Payment, and shall be of no force or effect if this Agreement becomes null and void pursuant to Paragraph 4 above. Except for the rights and obligations created by this Agreement, Plaintiff, for themselves, their heirs, executors, administrators, successors, advisors, consultants, former employees, and assigns, hereby releases and forever discharges Defendants, their subsidiaries and affiliated companies, insurers, and each of its respective current, former and future agents, servants, officers, directors, employees, advisors, consultants, shareholders, attorneys, successors and assigns, none of whom admit any liability but all of whom expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, which Plaintiff had, now has, or may have, on account of, arising out of, based upon or in any manner connected with, any matter, cause or thing whatsoever at any time up to and including the date of execution of this Agreement, including, but not limited to, any claim for attorneys' fees or costs or any claim based directly or indirectly upon facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Lawsuit or which could have been asserted in the Lawsuit, provided, however, that nothing in this section shall release any claim for breach of this Agreement or for a failure to perform under this Agreement.

b. Except for the rights and obligations created by this Agreement, Defendants, for themselves, their heirs, executors, administrators, successors, advisors, consultants, former employees, and assigns, hereby release and forever discharge Plaintiff, their subsidiaries and affiliated companies, insurers, and each of its respective current, former and future agents, servants, officers, directors, employees, advisors, consultants, shareholders, attorneys, successors and assigns, none of whom admit any liability but all of whom expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, which Defendants had, now has, or may have, on account of, arising out of, based upon or in any manner connected with, any matter, cause or thing whatsoever at any time up to and including the date of execution of this Agreement, including, but not limited to, any claim for attorneys' fees or costs or any claim based directly or indirectly upon facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Lawsuit or which could have been asserted in the Lawsuit, provided, however, that nothing in this section shall release any claim for breach of this Agreement or for a failure to perform under this Agreement.

7. **IRS Form W-9.** Plaintiff and Plaintiff's counsel agree to execute and return IRS Form W-9s before Defendants are required to tender the Settlement Amount.

8. **Successors and Assigns.** This Agreement is binding upon and inures to the benefit of each of the Parties, and their respective heirs, next of kin, executors, administrators, successors, assigns, officers, directors, shareholders, employees and agents.

9. **Informed Consent.** The undersigned has carefully read and does understand this Agreement. The undersigned agrees voluntarily and with informed consent to this Agreement.

10. **Severability.** If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect, and may be independently enforced to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement contains the entire agreement of the Parties and supersedes any and all prior negotiations, agreements or understandings, written or oral with respect to the settlement of this matter. Each Party warrants to the other that no promises or inducements for this Agreement have been made except as herein set forth.

12. **Drafting.** This Agreement is the result of negotiations between the Parties and no Party shall be deemed to be the drafter of this Agreement. The Parties furthermore agree that the terms of the Agreement were negotiated at arm's length in good faith, and reflect a settlement that was reached voluntarily and after consultation with independent and experienced legal counsel. Each Party has been represented by counsel who participated in the drafting of this Agreement. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.

13. **No Assignment.** The Parties represent and warrant that no claim, demand, damages, action or cause of action referred to herein has been sold, assigned, transferred, conveyed or otherwise disposed of.

14. **Representations.** The Parties represent and warrant that they have all requisite and unrestricted power, right and authority to enter into this Agreement, and to carry out their obligations hereunder, and that no consents for approval of, or notices to or filings with, any person or entity are required in connection with the execution, delivery and performance of this Agreement.

15. **Choice of Law.** This Agreement and all matters related hereto shall be governed by and construed in accordance with the internal laws of the State of New York.

16. **Jurisdiction.** The Parties agree that they wish for the Honorable Arun Subramanian, United States District Judge, Southern District of New York (the "Court"), to retain jurisdiction over this action, Case No. 23-cv-7987, for the purposes of enforcing this Agreement. Within five (5) business days following the full execution of this Agreement, but no later than August 19, 2026, pursuant to the Court's Order (ECF 106) and Judge Subramanian's Individual Practices, Rule 9.B, the Parties, through counsel, shall file a copy of this Agreement with the Court

for the Court's "so ordered" endorsement. The Court shall have exclusive jurisdiction over any and all disputes, claims, or controversies arising out of or relating to this Agreement. The Parties hereto waive any and all objections that they may have as to jurisdiction or venue.

17. **Amendments.** This Agreement may be amended in writing only, subject to the written consent of all Parties hereto.

18. **Waiver.** No waiver of any provision of this Agreement shall be valid unless in writing and signed by the person against whom enforcement is sought. The failure of any of the Parties at any time to insist upon strict performance of any condition, promise, agreement or understanding set forth herein, shall not be construed as a waiver or relinquishment of his, her or its right to insist upon strict performance of the same condition, agreement or understanding at a future time.

19. **Section and Paragraph Headings.** The section and paragraph headings in this Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Agreement.

20. **Execution.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which shall be one and the same document. This Agreement, and any amendments hereto, to the extent signed and delivered by means of electronic signature complying with the U.S. federal ESIGN Act of 2000 (e.g., via DocuSign) or electronic transmission in portable document format (pdf), shall be treated in all manner and respects as an original Agreement and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person.

AGREED AND ENTERED INTO AS OF THE EARLIEST DATE INDICATED BELOW.

**"Plaintiff"**
Go Global Retail LLC

[signature]
By:

8/17/26
Date

**"Defendants"**
Dream on Me Industries, Inc.

By: Mark Serure, President

8/17/26
Date

Dream on Me, Inc.

By: Mark Serure, President

8/17/26
Date

Mark Serure, Individually

By: Mark Serure

8/17/26
Date

**SO ORDERED.**

Dated: August 18, 20 26

Hon. Arun Subramanian, U.S.D.J.